**Ramona OJEDA et al., Plaintiffs,**

**v.**

**Burton G. HACKNEY, Commissioner of Public Welfare of the State of Texas, Defendant-Appellee,**

**R. M. Helton, Appellant.**

**No. 71–1669.**

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1972.

Robert M. Helton, of Short & Helton, Wichita Falls, Tex., pro se.

Pat Bailey, Exec. Asst. Atty. Gen., State of Texas, Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

---

14. *Id.*

PER CURIAM:

The only issue raised in the present appeal is the propriety of the district court's denial of fees to the appellant attorney for successfully litigating a class action suit which obtained for the class an adjudication that benefits due under the welfare laws of the State of Texas had been erroneously withheld.

The question of the attorney's right to recover fees was posed to the court below solely in the context of whether existing Texas statutes and the State's Constitution permitted such fees to be recovered. In the course of its holding, the Court found that legal services of the value of 10,000 dollars had been rendered, but ruled "there is no way under presently existing [Texas] laws that the attorney for the plaintiffs can be awarded attorneys' fees . . . .".

■ On this appeal appellant contends that the district judge, as a federal chancellor, possesses an equitable discretion to award attorneys' fees in a class action suit despite the provisions of State legal restraints. We agree. *See* Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) and Dodge v. Tulleys, 144 U.S. 451, 12 S.Ct. 728, 36 L.Ed. 501 (1892). The matter is committed to the unfettered discretion of the district judge.

The above exerpt from its opinion indicates that the district judge may have incorrectly conceived that the State legal proscriptions deprived the court of such discretion. If this is true, this court cannot determine in the first instance how the district judge would exercise such discretion. We therefore vacate the judgment and remand the cause to the district court.

■ Since the case must be remanded, the following general observations may be helpful. It would initially be important to determine whether or not all or any part of these public funds have been disbursed by the State to the claimants. If they have not, the district court in its discretion could certainly order the State to pay the monies belonging to these claimants in a manner which would assure payment of the attorneys' fees before the claimants' funds are disbursed to widely scattered and probably insolvent individuals. The district court may deem equity requires that the claimants be ordered to pay the attorney their pro rata share of his fee from their resources if some equitable means to accomplish this can be confected. We do however agree with the State of Texas that, if the funds payable to these principals have been paid out, the attorney may not obtain his fees from those funds appropriated solely to administer the Texas Welfare Department as the appellant's attorney contended. Quite another problem would be presented if it turns out that a part, but not all, of the funds have been paid out to claimants, since it would be patently unfair to require only those claimants whose share of the funds remains undisbursed to bear the entire brunt of the payment of such fees. Of course if any payments have been made to claimants the district court may decide that the attorney was not diligent in promptly raising the issue of his entitlement to fees when the order requiring payment was first entered and that equity should not come to his aid now.

In sum, the equitable propriety of the allowance of any amount of attorneys' fees, and the manner in which those fees, if allowed, are to be collected, is committed entirely to that court's sound discretion, subject only to the general observations set out above.

Vacated and remanded.