**Luretha GADDIS, individually, on behalf of her minor children, and on behalf of all other persons similarly situated, Plaintiffs,**

v.

**George K. WYMAN, individually, and as Commissioner of the Department of Social Services for the State of New York, and Louis P. Kurtis, individually, and as Commissioner of Westchester County Department of Social Services, Defendants.**

**No. 69 Civ. 2921.**

United States District Court,
S. D. New York.

Jan. 25, 1972.

The Legal Aid Society of Westchester County, White Plains, N. Y., for plaintiffs and plaintiff-intervenors; Martin A. Schwartz, Antone B. Singsen, III, White Plains, N. Y., Dennis T. Barrett, Middletown, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, by William J. Stutman, Asst. Atty. Gen., for defendant Wyman.

John J. S. Mead, County Atty., Westchester County, White Plains, N. Y., by F. Sherwood Alexander, Asst. County Atty., for defendant Kurtis.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff-intervenors, on behalf of themselves and all others similarly situated, move to adjudicate defendants George K. Wyman ("Wyman"), Commissioner of the Department of Social Services for the State of New York, and Louis P. Kurtis ("Kurtis"), Commissioner of the Westchester County Department of Social Services, in civil contempt for their failure to comply with and obey the injunction of the three-judge court issued on October 14, 1969 pursuant to the decision of that court in Gaddis v. Wyman, 304 F.Supp. 717 (S. D.N.Y.1969), aff'd, Wyman v. Bowens, 397 U.S. 49, 90 S.Ct. 813, 25 L.Ed.2d 38 (1970).

The injunction of October 14, 1969 provided in relevant part that ". . . the defendants, their officers, employees, and agents are hereby enjoined and restrained from denying public assistance pursuant to § 139–a of the New York Social Services Law, . . .." Section 139–a of the New York Social Services Law, McKinney's Consol.Laws, c. 55, provided that assistance should be denied those applicants who came into the state for the purpose of receiving public assistance or care, and the section established a presumption that any applicant for relief who applies within one year after his arrival in this state shall be presumed to have

come into the state for the purpose of receiving public assistance and care.

Reply affidavits were submitted on behalf of defendant Kurtis and by defendant Wyman, and briefs were submitted on behalf of plaintiffs. Following argument of this motion on July 6, 1971, a further conference was held on November 8, 1971 and respondent Kurtis was directed to inform the court as to what action had been taken with respect to those denied relief and what directives had been issued by the Westchester County Department of Social Services between May 25, 1971 and June 22, 1971 with respect to the residency requirement. The affidavit was submitted on November 19, 1971.

The court has jurisdiction of the parties and the subject matter of the proceeding.

■ Upon the entire record, the evidence establishes that between May 15, 1971 and June 11, 1971 while the injunction of October 14, 1969 was in effect, in addition to the four plaintiff-intervenors—Dorothy Williams, Jose Suarez, Michael Davis, and Virginia Sanchez, the following additional persons or families were denied assistance because of the residency requirement: John Murphy, Miguel Jordon, Manuel Gonzales, Sr., Manuel Gonzales, Jr., Minnie Carter, Claire Rhody, Hazel Meeks, Lily Koo, Anita Burks, the Teeny family, the Pettiford family, and the McLaughlin family. The evidence also shows that the reason they were denied assistance was that new legislation passed by the New York Legislature by May 25, 1971 and later signed by the Governor adopted a new residency requirement.* In carrying out their duties as public servants, certain officials "jumped the gun" in following the new legislation which they felt would meet Federal constitutional standards. The evidence further indicates that the denials of relief on the basis of residency have been rectified with respect to all of the above (with the exception of the Teeny family, the Pettiford family, and the McLaughlin family) by sending them notices of their right to reapply and, where applicants have reapplied, by the granting of benefits and, where appropriate, retroactive benefits.

In failing to rectify the applications of the Teeny family, the Pettiford family, and the McLaughlin family, defendants have failed to observe the injunction of October 14, 1969 and are in civil contempt of this court. New York Social Services Law, §§ 15, 18(3), 20(2) (b), 20(3), and 34(3) (d) (e); Social Security Act, 42 U.S.C. §§ 602(a) (3) and 1382(a) (3); State Board of Social Welfare v. City of Newburgh, 28 Misc. 2d 539, 220 N.Y.S.2d 54 (N.Y.Sup.Ct. 1961); Almenares et al. v. Wyman and Sugarman, 334 F.Supp. 512 (S.D.N.Y. 1971), aff'd on other grounds, 453 F.2d 1075 (2d Cir. 1971). Accordingly, an order will be entered finding defendants Kurtis and Wyman in civil contempt and ordering them to purge themselves of this contempt by offering to these families the benefits to which they are entitled. The order shall also provide that within 30 days of the date of the order, defendant Kurtis will file an affidavit indicating the action taken with respect to these three families.

■ The evidence indicates that defendants' denial of aid was due to bureaucratic anticipation of the new legislation and not to wilful disobedience or defiance of the injunction of the three-judge court (see Sunbeam Corp. v. Golden Rule, 252 F.2d 467 (2d Cir. 1958). There is no statutory basis for awarding attorneys' fees in proceedings against public officials (see Miller v. Amusement Enterprises, 426 F.2d 534 (5th Cir. 1970)). The Legal Aid Society of Westchester County, attorneys for plaintiff and plaintiff-intervenors, is an OEO funded organization, and the individual attorneys from the Legal Aid Society who were involved in this action did not

---

* This legislation has recently been held to be unconstitutional. Wyman v. Lopez, (W.D.N.Y. Aug. 10, 1971), aff'd, 404 U.S. ——, 92 S.Ct. 736, 30 L.Ed.2d 743 (1972).

expend any of their own private funds. Accordingly, the court, in the exercise of its discretion, denies plaintiffs' application for attorneys' fees. Ojeda, et al. v. Hackney, etc., 452 F.2d 947 (5th Cir. 1972); Williams v. Kimbrough, 415 F. 2d 874, 875 (5th Cir. 1970); Lee v. Southern Home Sites Corp., 429 F.2d 290, 295 (5th Cir. 1970).

Settle order on notice.