**J. B. TAYLOR et al., Plaintiffs,**

v.

**E. P. PERINI, Superintendent Marion Correctional Institution, Defendants.**

**Civ. No. C 69–275.**

United States District Court,
N. D. Ohio, W. D.

May 23, 1973.

Niki Z. Schwartz, Cleveland, Ohio, for plaintiffs.

Richard Igo, Asst. Atty. Gen., Columbus, Ohio, for defendants.

MEMORANDUM

DON J. YOUNG, District Judge:

This civil rights action was commenced on September 17, 1969, and sought nu-

merous reforms in the operation and policies of the Marion Correctional Institution, at Marion, Ohio. After several years of study, litigation and negotiation, a Consent Order was approved and entered by the Court on September 12, 1972. In addition to the various provisions relating to the institution, the Order provided:

. . . defendant shall pay to plaintiffs' counsel reimbursement for out-of-pocket expenses and reasonable attorney's fees based upon services rendered in the handling of this action. In the event the parties are unable to agree upon the amount of payment under this paragraph, such issue shall be submitted to the Court for hearing and decision.

After several more months of negotiations, on February 26, 1973, the Attorney General's Office advised plaintiffs' counsel that it would not honor any agreement as to the amount of fees and expenses and that the state would not willingly pay any amount in compliance with the September 12th Consent Order.

On March 9, 1973, plaintiffs' attorney filed a motion for determination of attorney's fees and expenses. On March 12, 1973, defendant filed a motion for relief from the order under Rule 60(b) and a motion for a stay of execution of the order awarding attorney's fees and of the Federal Rules of Civil Procedure expenses.

The defendant contends that under the Eleventh Amendment to the United States Constitution, this Court lacks jurisdiction to order the State of Ohio to pay plaintiffs' attorney's fees and therefore, the order should be vacated. The Eleventh Amendment states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State.

■ There are, essentially, three leading cases on this point. Sincock v. Obara, 320 F.Supp. 1098 (D.Del.1970) (Three-Judge Court); Sims v. Amos, 340 F.Supp. 691 (N.D.Ala.) (Three-Judge Court), aff'd 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 215 (1972); N. A. A. C. P. v. Allen, 340 F.Supp. 703 (N.D.Ala. 1972). Defendant relies upon the *Sincock* case where the court decided that it was without authority to tax attorney's fees as costs. This case dealt expressly with the Eleventh Amendment argument. Plaintiffs' attorney relies upon Sims v. Amos, supra. In *Sims*, the court awarded attorney's fees, but did not treat the Eleventh Amendment problem explicitly in the text of the opinion. It is obvious, however, that the court was aware of this objection and disposed of it. *Id.*, 340 F. Supp. at 694, n. 8. Counsel for the plaintiffs has also supplied this Court with the Jurisdictional Statement of the case which was filed in the United States Supreme Court by the Attorney General of Alabama. On page seventeen of this Statement, the question of Alabama's sovereign immunity is clearly set forth. Although the Supreme Court affirmed the district court decision without opinion, it can logically be assumed that, in light of these two clear references to the Eleventh Amendment problem, the Supreme Court considered it in making its determination. This Court concludes, therefore, that the *Sims* case is controlling on this issue and consequently the Eleventh Amendment argument will not serve as a basis to vacate the existing order.

Defendant has urged as an alternative reason for vacating the September 12, 1972 order that the Constitution and laws of Ohio prohibit the state from paying attorney's fees without a specific legislative appropriation. It appears, however, that through whatever procedure it was accomplished, attorney's fees have been paid in the past. Defendant will be directed to take whatever action is necessary to obtain payment of the award. This Court need not, at this time, decide what is to be done should the legislature refuse to appropriate the funds.

Plaintiffs' attorney has submitted an affidavit in support of his motion for determination of attorney's fees and expenses. The amount claimed in the affidavit is $21,055.07. This amount appears to be reasonable and, in fact, the amount has not been challenged by the defendant.

The motions of the defendant to stay and to vacate the September 12, 1972, Consent Order will, therefore, be denied. Plaintiffs' attorney will be awarded attorney fees in the amount of $21,055.07, and the defendant will be ordered to take all appropriate actions to satisfy this award. An order will be entered accordingly.