**INCARCERATED MEN OF ALLEN COUNTY, Plaintiffs,**

v.

**Edward FAIR, Sheriff, et al., Defendants.**

**Civ. No. C 72–188.**

United States District Court, N. D. Ohio, W. D.

Oct. 5, 1973.

Advocates for Basic Legal Equality, Toledo, Ohio, for plaintiffs.

Lawrence Huffman, Pros., Lima, Ohio, for defendants.

## MEMORANDUM

DON J. YOUNG, District Judge.

This cause came to be heard upon motion by plaintiffs requesting the award of a reasonable attorney's fee for the services of the Advocates for Basic Legal Equality (hereinafter called ABLE) in this action on behalf of certain prisoners in the Allen County Jail. Defendants have not responded to plaintiffs' motion.

This action was commenced upon filing in this Court a handwritten petition by several inmates of the Allen County Jail alleging deprivations of constitutional rights as a result of certain conditions in the jail. This Court has treated the pro se petition as a class action seeking to redress a deprivation of civil rights secured by the Constitution under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). The Court appointed staff members of ABLE to represent plaintiffs in this action. Extensive proceedings have resulted in consent and other orders of the Court disposing of most matters in this action.

As an action under § 1983, there is no statutory provision for an award of attorney's fees to a successful party. However, § 1983 provides that the proceeding to redress deprivation of constitutional rights may be by an "action at law, suit in equity, or other proper proceeding." Thus an award of equitable relief is recognized under § 1983. The general equitable power of a federal district court to award attorney's fees has been long recognized. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). The Supreme Court has recent-

ly adhered to that position. Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed. 2d 702 (1973); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). This Court recently awarded attorney's fees in Taylor v. Perini, 359 F.Supp. 1185 (N.D.Ohio 1973) as part of its equitable power, a decision presently pending on appeal to the Court of Appeal for the Sixth Circuit.

One reason advanced for the exercise of the sound discretion of a district court in awarding attorney's fees is that the litigant has conferred a substantial benefit on members of an ascertainable class as a result of his action. Mills v. Electric Auto-Lite Co., *supra.* Also, the Supreme Court has upheld an award of attorney's fees where the plaintiff has performed a substantial service to other members of a class of which plaintiff is a member by vindicating class rights through litigation. Hall v. Cole, *supra.* These bases have been recognized in the award of attorney's fees in civil rights actions under § 1983. Donahue v. Staunton, 471 F.2d 475 (7th Cir. 1972), cert. denied, 410 U.S. 955, 93 S.Ct. 1419, 35 L.Ed.2d 687 (1973); Rolfe v. County Board of Education, 391 F.2d 77 (6th Cir. 1968); Sims v. Amos, 340 F.Supp. 691 (M.D.Ala.) aff'd, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 215 (1972); NAACP v. Allen, 340 F.Supp. 703 (M.D.Ala.1972).

The Court concludes that the interests of justice require the award to plaintiffs of reasonable attorney's fees for services of ABLE connected with this case. Plaintiffs, through their suit, have sought to redress the alleged deprivation of constitutional rights of all inmates in the Allen County Jail. Although there has been no finding of liability on the part of the defendants because the parties agreed to an order of the Court disposing of most of the contested matters, plaintiffs have nonetheless substantially benefited all inmates of the Allen County Jail by insuring the protection of numerous constitutional rights through the orders of this Court affecting the Allen County Jail filed in connection with this

case. The litigation at issue has not only benefited the present inmates of the jail but also all future inmates of the facility. Since all members of the general public in Allen County and all other persons subject to the jurisdiction of the Allen County courts and law enforcement agencies are potential subjects for incarceration in the Allen County Jail, the constitutional rights of the general public have been vindicated and protected by the litigation of these plaintiffs. The Court, therefore, believes that this is a proper case for the award of reasonable attorney's fees. The award of attorney's fees in cases like this one assures that the vindication of public constitutional rights need not depend upon the financial resources of the particular individuals who seek to secure those rights. ABLE has performed an important public service for those who are, or ever will be, confined in the Allen County Jail and the public which has benefited thereby should bear the financial responsibility for the litigation securing constitutional rights.

■ The Court further concludes that ABLE is a proper recipient for an award of attorney's fees. Although ABLE is funded to a substantial extent by grants from public funds, it exercises independent judgment in performing its legal functions and in no way can be considered a part of federal, state or local government. As a non-profit, private legal organization seeking to represent persons who would otherwise receive no legal assistance because of a lack of resources to retain counsel, ABLE is much the same as other private associations, such as the NAACP, which has been held to be a proper recipient of a similar award. NAACP v. Allen, *supra.*

■ The Court also finds that attorney's fees may be awarded against both Sheriff Fair as an individual and Allen County. This Court, in Taylor v. Perini, *supra,* held that attorney's fees could properly be awarded against the State of Ohio. For the reason stated therein, the Court concludes it is proper to award attorney's fees against Allen County, a po-

litical subdivision of the State of Ohio, as well as defendant Edward Fair, individually.

 Plaintiffs' attorney ABLE has submitted an affidavit in support of its motion for determination of attorney's fees. The claim states that ABLE expended 134 hours 50 minutes between October 27, 1972 and May 23, 1973 on this case. ABLE requested $2,000 as a reasonable attorney's fee. This amount, on an hourly basis, is less than fifteen dollars per hour, which is considerably below the going rates for attorney fees and only half of the amount allowed under the Criminal Justice Act, which is stated to be merely nominal compensation. It therefore appears to be a reasonable and very modest compensation for the services rendered. As previously stated, defendants have failed to file any pleading opposing the request for an award of reasonable attorney's fees. This affords further reason to believe that the amount requested is entirely reasonable.

The Court will grant the motion of plaintiffs to award reasonable attorney's fees and fix the amount at $2,000.00. An order will be entered in accordance with this memorandum.