**Morris R. PALMER et al., Plaintiffs,**
**Alice Taylor et al., Intervening**
**Plaintiffs,**

**v.**

**COLUMBIA GAS OF OHIO, INC.,**
**Defendant.**

**Civ. No. C 72–14.**

United States District Court,
N. D. Ohio, W. D.

April 5, 1974.

Russell A. Kelm, Joseph F. Vargyas, R. Michael Frank, Advocates for Basic Legal Equality, Toledo, Ohio, for plaintiffs.

Cary Rodman Cooper and Richard S. Walinski, John F. Hayward, Hayward, Cooper, Straub, Walinski, Cramer & Co., L. P. A., Toledo, Ohio, for defendant.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

This cause came to be heard on a motion by plaintiffs requesting the award of a reasonable attorney's fee for the services of Advocates for Basic Legal Equality, Inc. (hereinafter referred to as ABLE) in this action on behalf of all customers of Columbia Gas of Ohio, Inc. Defendants have filed a memorandum of non-opposition to the plaintiffs' motion.

This action was commenced by ABLE as a class action on behalf of the plaintiffs to secure their rights to due process of law prior to the involuntary termination of utility services by the defendant. This Court issued a temporary restraining order to restore natural gas service to the named plaintiffs. ABLE was later permitted to intervene five additional plaintiffs to protect the interests of the class. This court found that it had jurisdiction under the Civil Rights Act, 28 U.S.C. § 1343 and that a cause of action had been stated under 42 U.S.C. § 1983. A preliminary injunction was issued following two days of testimony and was continued in force following additional hearings pending an interlocutory appeal by the defendants under 28 U.S.C. § 1292. This Court issued an opinion, Palmer v. Columbia Gas of Ohio, Inc., 342 F.Supp. 241 (N.D.Ohio 1972), which was affirmed on appeal, 479 F.2d 153 (6th Cir. 1973). It now appears that the parties have agreed to detailed involuntary termination procedures to be followed by the defendants, which appear to satisfy constitutional due process standards.

■■ As an action under 42 U.S.C. § 1983, there is no statutory provision for an award of attorney's fees to a successful party. However, § 1983 provides that the proceeding to redress the deprivation of constitutional rights may be by an "action at law, suit in equity, or other proper proceeding." Thus an award of equitable relief is recognized under § 1983. The general equitable power of a federal district court to award attorney's fees has been long recognized. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). The Supreme Court has recently adhered to that position. Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). This Court recently awarded attorney's fees in Taylor v. Perini, 359 F.Supp. 1185 (N.D. Ohio 1973), as part of its equitable power, and has done likewise in two other § 1983 suits in which ABLE was appointed by this Court to represent indigent plaintiffs. See, Incarcerated Men of Allen County v. Fair, No. C72–188 (N.D. Ohio Filed October 5, 1973), and Doe v. Bell, No. C71–310 (N.D.Ohio Filed January 4, 1974).

One reason advanced for the exercise of the sound discretion of a district court in awarding attorney's fees is that the litigant has conferred a substantial benefit on members of an ascertainable class as a result of his action. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 393, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). Also, the Supreme Court has upheld an award of attorney's fees where the plaintiff has performed a substantial service to other members of a class of which plaintiff is a member by vindicating class rights through litigation. Hall v. Cole, *supra*. These bases have been recognized in the award of attorney's fees in civil rights actions under § 1983. Donahue v. Staunton, 471 F.2d 475 (7th Cir. 1972), cert. denied, 410 U.S. 955, 93 S.Ct. 1419, 35 L.Ed.2d 687 (1973); Rolfe v. County Board of Education, 391 F.2d 77 (6th Cir. 1968); Sims v. Amos, 340 F.Supp. 691 (M.D. Ala.), aff'd. 409 U.S. 942, 93 S.Ct. 290,

34 L.Ed.2d 215 (1972); NAACP v. Allen, 340 F.Supp. 703 (M.D.Ala.1972).

■ The Court concludes that the interests of justice require the award to plaintiffs of reasonable attorney's fees for the services of ABLE in this case. The plaintiffs through their suit have sought to redress the deprivation of the constitutional rights to due process of law of all customers of Columbia Gas. The plaintiffs have substantially benefited customers of Columbia Gas by insuring that mistaken terminations of service will not occur. The litigation at issue has not only benefited the present customers of Columbia Gas but also all future customers and the constitutional rights of such customers have been vindicated and protected by the litigation of these plaintiffs. The Court, therefore, believes that this is a proper case for the award of reasonable attorney's fees. The award of attorney's fees in cases like this one assures that the vindication of constitutional rights need not depend upon the financial resources of the particular individuals who seek to secure those rights. The plaintiffs in this litigation were permitted to proceed in forma pauperis both at trial and on appeal. ABLE has performed an important public service for those who are, or ever will be, customers of Columbia Gas, and those customers who have benefited thereby should bear the financial responsibility for the litigation securing constitutional rights. Since the defendant is a public utility corporation, its costs of operation are supported by those customers who have benefited from this litigation and the assessment of attorney's fees against the defendant will be absorbed as a cost of doing business borne proportionately by its customers who have so benefited.

■ The Court further concludes that ABLE is a proper recipient for an award of attorney's fees. Although ABLE is funded to a substantial extent by grants from public funds, it exercises independent judgment in performing its legal function and in no way can be considered a part of federal, state or local government. As a non-profit, private legal services organization seeking to represent persons who would otherwise receive no legal assistance, because of a lack of resources to retain counsel, ABLE is much the same, as other private organizations such as the NAACP, which has been held to be a proper recipient of a similar award. NAACP v. Allen, *supra*, Lee v. Southern Home Sites Corp., 444 F.2d 143 (5th Cir. 1971). See La Raza Unida v. Volpe, 57 F.R.D. 94, 98 n. 6 (N.D.Cal.1972).

Furthermore, the Court takes notice of the fact that continued public funding for legal services to the poor is subject to the vagaries of the political decision making process. We cannot presume that such funding will continue in the future. The decision to award attorney fees should not stand upon the status of the party awarded the fees. When granting fees to a private practitioner, the Court does not inquire into the amount, or source of his income. A blanket exclusion of legal services organizations from receipt of such fees would be inconsistent with the right of the poor to access to the courts. Those seeking to vindicate their constitutional rights should not be forced to rely upon the political vagaries of governmental benevolence or private philanthropy. See La Raza Unida v. Volpe, 57 F.R.D. 94, 98 n. 6 (N.D.Cal.1972).

■ Plaintiffs' attorney, ABLE, has submitted affidavits from three of its attorneys in support of its motion for an award of attorney's fees. While the affidavits disclose the expenditure of time in excess of 650 hours between January 13, 1972 and February 27, 1974, on this case, plaintiffs have limited their request to $15,000 as reasonable attorney's fees, based upon 650 hours. This amount on an hourly basis is about twenty-three dollars per hour, which is below the going rates for attorney fees and consistent with the considerations

embodied in Section 1.47 of the Manual for Complex Litigation and in Section DR–2–106 of the ABA Code of Professional Responsibility. In light of the difficult issues presented in this litigation and the extensive preparation required for the trial and appeal during which all parties were very capably represented, this amount appears to be a reasonable and somewhat modest compensation for the services rendered.

The Court will grant the motion of the plaintiffs for an award of attorney's fees and fix the amount at $15,000 to be taxed against the defendant as costs.