John H. Doerr, J.
In this article 78 proceeding petitioner seeks reimbursement for travel expenses necessarily incurred in the representation at fair hearings of social service clients who are financially unable to pay the cost thereof.
The adamant position of the respondent Lavine in refusing such payment is based upon a determination "that such transportation expenses should not be provided for representatives of legal aid”, claiming, "It is the responsibility of this group to provide legal services free of charge”.
By way of background, petitioner is a private corporate entity established pursuant to section 495 of the Judiciary Law to assist indigent persons in the pursuit of civil remedies.
Southern Tier Legal Services, a project of the Monroe County Legal Assistance Corporation, is funded completely by the Office of Legal Services, United States Office of Economic *344 Opportunity, to provide legal assistance in civil matters to persons without means in Steuben, Allegany and Cattaraugus Counties with its office location in Corning, New York.
The legal assistance provided includes a large number of public assistance cases which require representation at numerous fair hearings.
Southern Tier operates under a tight budget of $97,824 in providing free legal service to some 60,000 poor persons in the three county areas served.
Constantly increasing operational costs and expenses pose a serious problem to Southern Tier which has been found to curtail some services for lack of funds.
The Director of the Office of Legal Services, United States Office of Economic Opportunity, Region II, has stated, "Legal services projects which are funded through my office pursuant to the Economic Opportunity Act of 1964, as amended, 42 U.S.C. § 2809(a)(3) are authorized to accept payment of costs, expenses and attorney’s fees connected with litigation or administrative proceedings where provided by law whenever a private attorney would be so authorized, provided that said attorney’s fees would not otherwise be paid directly to the client.” (Affidavit, P. Vaughn Gearan, November 11,1974.)
As a matter of fact the Gearan affidavit, supra, concludes that: "For legal services projects not to accept such costs and fees could result in either a reduction in the number of clients served, or in the extent to which legal services is provided and would be viewed negatively by this office in evaluating such projects.” As a consequence legal service projects have been instructed "to accept such costs and fees to better serve their clients”.
It is clear that unless some other impediment exists petitioner is not only entitled to the expenses now sought but in fact requires revenue from every possible source in order to insure effective project operation and continuation.
The facts here are not in dispute.
Southern Tier Legal Services provided paraprofessional representation for two Allegany County clients at fair hearings held in the County Home at Angelica, New York.
The distance involved for the representative’s travel from Corning to Angelica, including return, amounted to 120 miles.
By way of reimbursement therefor petitioner requested 12 *345 cents per mile for a total of $14.40 which such payment has been declined by respondents.
There is authority for the expenses now sought.
18 NYCRR 358.10 in pertinent part provides for such reimbursement relative to the conduct of a fair hearing. "If requested, necessary transportation for the appellant and his representative and witnesses, child care and other costs and expenditures reasonably related to the hearing shall be provided by the social services official.”
That department regulation carves out no exception for payment when such representation is afforded by a legal aid type organization and it is not within the province or power of this court to do so.
The sole question which is determinative of the issue here is whether such transportation was necessary and this court finds that it was.
The place selected by respondent Lavine for such hearing necessitated travel by petitioner’s representative.
This came as no surprise to respondents since one of the two clients represented was referred to the Southern Tier, Corning office in the first instance by the respondent Lavine.
If hearings of the type here involved are to indeed be characterized as "fair” then representation of indigent parties thereto is required in order to properly protect the rights of those unable to do so pro se.
Necessary transportation for such representative is required and reimbursement for same is a proper charge to be honored by the Department of Social Services. To hold otherwise would penalize and impair the operation of such projects as Southern Tier. (See Palmer v Columbia Gas of Ohio, 375 F Supp 634, 636.)
The determination of respondents is annulled as arbitrary, capricious and contrary to law and it is hereby directed that the transportation expenses as submitted by petitioner be paid.