**Gladys RODRIGUEZ et al., Plaintiffs,
Mrs. Loretha Smith et al., Plaintiffs-Intervenors,**

**v.**

**James L. TRAINOR, etc., et al.,
Defendants.**

**No. 69 C 2615.**

United States District Court,
N. D. Illinois, E. D.

March 21, 1975.

**438**

Sheldon Roodman, Chicago, Ill., for plaintiffs.

Donald J. Veverka, Wm. J. Scott, Atty. Gen., Paul B. Biebel, Jr., Asst. State's Atty., Cook County, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

DECKER, District Judge.

Plaintiffs have moved for an order granting them reasonable attorneys' fees for all proceedings seeking to obtain a civil contempt order designed to bring about compliance with the October, 1970 injunction in this case. Plaintiffs' attorneys have submitted affidavits establishing that a total of 409.5 attorney hours were spent in these proceedings, and contend that a reasonable counsel fee amounts to $16,925. Defendants oppose this motion on the grounds that the award of such attorneys' fees is barred by the Eleventh Amendment, and that the facts in this case do not, as a matter of law, justify the award of attorneys' fees.

Defendants rely on *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed.2d 662 (1974), and *Jordon v. Gilligan*, 500 F.2d 701 (6th Cir. 1974), *petition for cert. filed*, 43 U.S.L.W. 3299 (U.S. Oct. 9, 1974) (No. 74–403), in arguing that such an award is barred by the Eleventh Amendment. In *Edelman v. Jordan*, the Supreme Court held that a federal court may not award compensatory retroactive welfare benefits from a state treasury. But it specifically approved awards which were:

"the necessary result of compliance with decrees which by their terms were prospective in nature. . . . Such an ancillary effect on the state treasury is a permissible and often an inevitable consequence of the principle announced in *Ex parte Young* [209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714] . . . ." 415 U.S. at 668, 94 S.Ct. at 1358.

When the instant case was before the Seventh Circuit, *Rodriguez v. Swank*, 496 F.2d 110 (1974), *cert. denied*, 419 U.S. 885, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974), the court held that the $100 per applicant sanction was within the *Edelman v. Jordan* principle of ancillary relief and was therefore not barred by the Eleventh Amendment. Defendants are now seeking to have this court hold that although the remedy fashioned in this case, requiring payments to be made from state funds, is not itself prohibited by the Eleventh Amendment, attorneys' fees, which would be incident to that relief, are so prohibited.

In *Jordon v. Gilligan*, the Sixth Circuit declined to follow the Second, Fifth and Ninth Circuits, and held that "the Eleventh Amendment prohibits the awarding of attorneys' fees against unconsenting sovereign states." 500 F.2d at 709.[1] But *Jordon v. Gilligan* stands

---

1. The court drew authority from the Third Circuit opinion in *Skehan v. Board of Trustees of Bloomsburg State College*, 501 F.2d 31 (1974). But as a recent district court opinion in that Circuit noted, *Skehan* concerned a different issue and therefore was not con-

alone. In *Class v. Norton*, 505 F.2d 123 (1974), the Second Circuit expressly held that an award of attorneys' fees against state officials is not barred by the Eleventh Amendment. *Citing Rodriquez v. Swank*, the court found that such an award was within the "ancillary effect" exception of *Edelman v. Jordan*, 505 F.2d at 127. In *Gates v. Collier*, 489 F.2d 298 (1973), the Fifth Circuit held that the award of attorneys' fees in a Section 1983 case payable from the state treasury was not prohibited by the Eleventh Amendment; the Ninth Circuit similarly ruled in *Brandenburger v. Thompson*, 494 F.2d 885 (1974). Even in the Sixth Circuit itself, *Jordon v. Gilligan* has fallen into some disrepute. See *Taylor v. Perini*, 503 F.2d 899, 911–12 (6th Cir. 1974) (Edwards, J., dissenting); and *Milburn v. Huecker*, 500 F.2d 1279 (6th Cir. 1974).

 This court declines to follow *Jordon v. Gilligan* and relies on the cases cited above as well as *Sims v. Amos*, 340 F.Supp. 691 (M.D.Ala.) (three-judge court), *aff'd*, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed.2d 215 (1972), in holding that such an award of attorneys' fees is not prohibited by the Eleventh Amendment.[2]

 Defendants further argue that the award of attorneys' fees is not appropriate in this case. Defendants first contend that plaintiffs are not reasonably entitled to attorneys' fees for proceedings in this matter on appeal before the Seventh Circuit and before the Supreme Court of the United States, and submit that plaintiffs should be compensated only for proceedings before the district court. Defendants necessitated such further proceedings, however, by seeking appellate review of this court's order of November 9, 1972. Defendants cannot complain, therefore, that plaintiffs seek compensation for services expended in responding to those actions instituted by defendants themselves. *Cf. Jeanty v. McKey & Poague, Inc.*, 496 F.2d 1119, 1121 (7th Cir. 1974).

 Defendants next assert that plaintiffs are not entitled to attorneys' fees because plaintiffs' counsel are employed by the Legal Assistance Foundation of Chicago, a non-profit organization financed by the Chicago Bar Association, United Charities of Chicago, and the federal Office of Economic Opportunity. The fact that plaintiffs are not obligated to pay the Legal Assistance Foundation for their services is not a bar to an award of attorneys' fees. All that is required is the existence of an attorney-client relationship. *Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975). In this case the litigants furthered the interest of a significant class, persons who are applicants for and potential recipients of welfare assistance under the AFDC program, by effecuating a strong congressional policy expressed in 42 U.S.C. § 601; they have thereby met the test of the "private attorney general" doctrine.

Given the totality of circumstances in this case, this court finds that an award of attorneys' fees is both permissible and appropriate. Accordingly, plaintiffs' motion is hereby granted. Plaintiffs will prepare a suitable judgment order and submit it to this court for entry, after affording notice to defendants.

---

trolling on the issue of attorneys' fees in such a case. That court went on to conclude that the Eleventh Amendment does not bar an order directing individual state officials to pay an award of attorneys' fees out of state funds. *Downs v. Dept. of Public Welfare*, 65 F.R.D. 557 (E.D.Pa.1974).

2. *Accord, Bond v. Stanton* (N.D.Ind., filed Jan. 13, 1975). The Seventh Circuit has, to date, declined to express an opinion on this issue. *See Hairston v. R & R Apartments*, 510 F.2d 1090, 1092 n.2 (7th Cir. 1975).