(February 24, 1921.)

CLARINDA TAYLOR, by Her Attorneys, R. W. SWAGLER and SCATTERDAY & VAN DUYN, Appellant, v. B. Z. TAYLOR, Respondent.

[196 Pac. 211.]

DIVORCE ACTION—RECOVERY OF ATTORNEY FEES—ATTORNEYS' LIEN.

1. Under the provisions of C. S., secs. 4642 and 4653, the awarding of alimony, attorney fees and costs, in a divorce action, rests in the discretion of the trial court; and it may at any time, while the action is pending, require the husband to pay for such services as may be necessary to enable the wife to prosecute or defend the action.

2. The language used in C. S., sec. 4642, "while an action for divorce is pending," covers the entire time from the commencement of the suit until and including the final order disposing of the same.

3. When, in a divorce case, the wife has incurred liabilities for attorney fees and other expenses of the suit, the trial court may, in its discretion, under the provisions of sec. 4642, *supra,* after such expenses have been incurred and at any time while the action is pending, upon proper showing being made, order the husband to advance the money to pay them. *Donaldson v. Donaldson,* 31 Ida. 181, 170 Pac. 94, modified.

4. The provisions of C. S., sec. 6576, allowing an attorney a lien upon his client's cause of action or counterclaim, are broad enough to include all forms of civil actions.

---

3. Liability of husband for attorney fees incurred by wife in divorce action, see notes in 15 Ann. Cas. 21; Ann Cas. 1917A, 689, 702; 13 L. R. A., N. S., 244; L. R. A. 1915C, 467.

5. An action for decree of divorce, after condonation by the injured spouse, may be continued for the purpose of requiring the husband to pay attorney fees and costs expended in connection therewith, in a proper case.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed L. Bryan, Judge.

Action for divorce. Order denying motion to continue cause for recovery of attorney fees and costs, and judgment dismissing the action. *Reversed and remanded.*

R. W. Swagler and Scatterday & Van Duyn, for Appellant.

When there is an evident intention to cheat the attorney and to defraud him of his rights, the proper course for the attorney to pursue is to proceed with the suit in the name of his client, notwithstanding the collusive settlement, for the purpose of collecting his costs. (*Hanna v. Island Coal Co.,* 5 Ind. App. 163, 51 Am. St. 263, 31 N. E. 840; 2 R. C. L. 1002, sec. 81; *Coughlin v. New York Cent. & H. R. R. Co.,* 71 N. Y. 443, 27 Am. Rep. 75; *Randall v. Van Wagnen,* 115 N. Y. 527, 12 Am. St. 828, 22 N. E. 361, 5 L. R. A. 422; *Jackson v. Stearns,* 48 Or. 25, 84 Pac. 798, 5 L. R. A., N. S., 390, and note; *Kiddle v. Kiddle,* 90 Neb. 248, Ann. Cas. 1913A, 796, 133 N. W. 181, 36 L. R. A., N. S., 1001; *Courtney v. Courtney,* 4 Ind. App. 221, 30 N. E. 914; 14 Cyc. 761.)

A husband is liable for legal services rendered his wife who had no independent means in an action for separation instituted by him but discontinued after a reconciliation. (*Hays v. Ledman,* 28 Misc. Rep. 575, 59 N. Y. Supp. 687.)

Before judgment the attorney has a lien upon the cause of action itself. After judgment he has a lien upon the judgment into which the cause of action has merged. (*Taylor v. St. Louis Transit Co.,* 198 Mo. 715, 97 S. W. 155.)

Since all the property of plaintiff and defendant is held under existing order of the court, and is, even without such order, under the control and disposition of the court, the attorneys have a definite fund to which the lien has attached.

(*Zent v. Sullivan,* 47 Wash. 315, 15 Ann. Cas. 19, 91 Pac. 1089, 13 L. R. A., N. S., 244; 6 C. J. 782.)

H. E. Wallace, for Respondent.

When the wife (plaintiff) in open court admits condonation, and asks that the action be dismissed, as she no longer has an action to be prosecuted, it is not necessary that· any money be paid for its prosecution. (*Reynolds v. Reynolds,* 67 Cal. 176, 7 Pac. 480; *Mudd v. Mudd,* 98 Cal. 322, 33 Pac. 114.)

The allowance was for past services, and under the circumstances was clearly not necessary to enable the wife to prosecute the action. (*Lacey v. Lacey,* 108 Cal. 45, 40 Pac. 1056.)

"The allowance looks to the future. There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred." (*Loveren v. Loveren,* 100 Cal. 493, 35 Pac. 87; *McCarthy v. McCarthy,* 137 N. Y. 500, 33 N. E. 550; *Wagner v. Wagner,* 34 Minn. 441, 26 N. W. 450; *Kuntz v. Kuntz,* 80 N. J. Eq. 429, 83 Atl. 787; *Stover v. Stover,* 7 Ida. 185, 61 Pac. 462.)

BUDGE, J.—On November 11, 1915, Clarinda Taylor, wife of B. Z. Taylor, commenced an action for divorce, and for a division of the property, temporary alimony, attorney fees and costs. A restraining order, enjoining her husband from encumbering, transferring or otherwise disposing of his property pending the action was prayed for, and at the same time she asked that a show cause order issue, directing him to appear and show why he should not pay temporary alimony, costs and attorney fees, both of which orders were issued by the court.

Before the day set for the hearing upon the show cause order, a stipulation continuing the hearing was entered into between B. Z. Taylor and counsel for Clarinda Taylor, to the end that an amicable property settlement might be reached by the Taylors without further litigation. Prior

to the date fixed for such hearing, Clarinda Taylor decided to abandon her suit and notified her counsel, requesting that the action be dismissed.

On January 29, 1916, a motion to continue the cause for the recovery of attorney fees and costs expended was filed by R. W. Swagler, Esq., and Messrs. Scatterday and Van Duyn, counsel for Mrs. Taylor, and an order was issued by the court, directing B. Z. Taylor to appear and show cause why the attorney fees, costs and expenses should not be paid. A hearing was had on February 3, 1916.

On January 20, 1917, Clarinda Taylor joined with her husband in a motion to dismiss the action, which motion was resisted by her counsel, who filed a claim of lien under the provisions of C. S., sec. 6576, with objections to the dismissal of the action, supported by affidavits setting out, among other things, their employment by Clarinda Taylor, the nature of the services performed by them, that said services were reasonably worth the sum of $600, and that they had advanced certain fees and made other disbursements.

A hearing was had on January 27, 1917, and on February 13, 1917, the court overruled the motion for a continuance, and on February 26, 1917, entered its judgment dismissing the action.

This appeal is from the order overruling the motion for a continuance and from the judgment dismissing the action.

The questions presented are, first: Is it within the power of a trial court under the provisions of C. S., sec. 4642 to allow attorney fees for past services in divorce actions? and, second: Are attorneys entitled to a lien upon the cause of action for a decree of divorce to such an extent that the same cannot be dismissed upon motion of the plaintiff or upon agreement of the parties until the lien has been settled or determined? These will be discussed in the order in which they are stated.

C. S., sec. 4642, provides: "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary to enable the

wife (1) to support herself or her children, or (2) to prosecute or defend the action.''

By the term ''while an action for divorce is pending'' is meant any time from the commencement of the suit until and including the final order disposing of the same. (*Brasch v. Brasch,* 50 Neb. 73, 69 N. W. 392; *Kiddle v. Kiddle,* 90 Neb. 248, Ann. Cas. 1913A, 796, 133 N. W. 181, 36 L. R. A., N. S., 1001.)

When, in a divorce case, the wife has incurred liabilities for attorney fees and other expenses of the suit, the trial court may, in its discretion, under the provisions of sec. 4642, *supra,* after such expenses have been incurred and at any time while the action is pending, upon proper showing being made, order the husband to advance the money to pay them. (*Wyatt v. Wyatt,* 2 Ida. 236, 10 Pac. 228; *Roby v. Roby,* 9 Ida. 371, 3 Ann. Cas. 50, 74 Pac. 957; *Day v. Day,* 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *Callahan v. Dunn,* 30 Ida. 225, 231, 164 Pac. 356; *Donaldson v. Donaldson,* 31 Ida. 181, 170 Pac. 94; *Taylor v. Taylor,* 70 Or. 510, 140 Pac. 999, at 1003.)

In the case of *Donaldson v. Donaldson, supra,* the action of the trial court in awarding attorney fees to the respondent in the final judgment was assigned as error. That portion of the judgment reads as follows: ''It is further ordered, adjudged and decreed that the plaintiff shall have judgment against the defendant for the sum of $150 as additional attorney's fees for plaintiff's attorneys, . . . . to be paid to the clerk of the . . . court . . . . , and by the said clerk to be paid to plaintiff's attorneys . . . .''

In construing C. S., sec. 4642, in the majority opinion the court held that: ''The right of the court to allow attorney's fees is derived from the statute, and by the terms of the statute can only be put into operation when it is necessary to enable the wife to prosecute or defend the action. The allowance of attorney's fees looks to the future and not to the past.''

It appears in that case that prior to the trial the respondent made formal application to the trial court for temporary

alimony, attorney fees and suit money, and the court after a hearing entered an order requiring certain sums to be paid therefor, but there was no subsequent independent application made for attorney fees, other than a general prayer in the complaint. The court held that the trial court was without authority to allow the additional attorney fees and to enter judgment therefor in the decree, and modified the decree by striking out the paragraph allowing the additional attorney fee upon the theory that it was for past services. There are cases which support this holding, but, in our opinion, there is nothing in the language of C. S., sec. 4642, which requires it. The section provides that while an action for divorce is pending the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to prosecute or defend the action. The trial court is certainly in a position to know whether the wife is in need of services and whether the circumstances are such that the husband ought to be required to pay them, but it does not follow that the court could ultimately and equitably determine the entire amount of such fees until all of the services had been performed and the cause was ready to be disposed of, at which time the court may upon a proper showing and in a proper case, award such additional attorney fees as it may under all the circumstances deem just and proper. We are not in accord with the views expressed in the Donaldson case in so far as they are in conflict with the views herein expressed, and to that extent the Donaldson case is modified.

Coming now to the second question presented, we are of the opinion that in the absence of C. S., sec. 6576, the action may have been subject to dismissal under the provisions of C. S., sec. 6830. (*Reynolds v. Reynolds,* 67 Cal. 176, 7 Pac. 480.) It, therefore, becomes necessary to construe sec. 6576, *supra,* which is as follows:

". . . . From the commencement of an action or service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report,

decision or judgment in his client's favor and the proceeds thereof in whosoever hands they may come; and cannot be affected by any settlement between the parties before or after judgment."

The purpose expressed in the foregoing statute was to give an attorney a lien upon his client's cause of action for professional services rendered in connection therewith, which could not be affected by any settlement between the parties before or after judgment. It is contended that in an action for decree of divorce, where the parties admit condonation and ask for the dismissal of the action, there is no cause of action to which the lien may attach. We are of the opinion, however, that the provisions of the statute are broad enough to include all forms of action. While the action for decree of divorce, after condonation by the injured spouse, may not be resumed, it may be continued for the purpose of requiring the husband to pay such sum as will enable the wife to pay her attorneys for services rendered and expenses incurred, although the parties have become reconciled and ask a dismissal of the action.

It has been held by very respectable authorities that, aside from any statutory lien, an attorney who has in good faith instituted such an action and carried it on for some time cannot be deprived of his right to compensation for the services so rendered by reconciliation of the parties, followed by a resumption of cohabitation. (*Fullhart v. Fullhart,* 109 Mo. App. 705, 83 S. W. 541; *Kiddle v. Kiddle, supra.*)

The allowance of attorney fees after a settlement has been made between the husband and wife' is fully discussed in the case of *Kiddle v. Kiddle,* which is analogous to the case at bar. In that case it was urged on behalf of the husband that the reconciliation deprived the court of authority to make an allowance for attorney fees, but, in the absence of a statute providing for a lien for attorney fees, the court said, in the course of the opinion, that:

"To permit the defendant to obtain a continuance of the hearing upon the application for attorney fees until he

could bring about a reconciliation with his wife and then interpose such reconciliation as a ground for defeating the application, would be so contrary to every dictate of justice that such permission would never be granted by a court of equity unless compelled to do so by some statute or rule from which there is no escape.''

While there are cases which hold to the contrary rule, the reasoning of the cases supporting the views herein expressed appeals to us as eminently sound, particularly in view of the provisions of sec. 6576, *supra.*

From what has been said it follows that the action of the trial court, denying the motion for a continuance, and in dismissing the action, was erroneous. The order and judgment are reversed and the cause remanded for further proceedings in accordance with the views herein expressed. Costs are awarded to appellant.

McCarthy and Lee, JJ., concur.

Dunn, J., concurs in the first part of this opinion, but dissents as to that part holding that after request for dismissal by plaintiff the action may be continued on motion of plaintiff's counsel for the purpose of fixing and allowing attorney's fees.