[No. 40789.    En Banc.    November 25, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY DOUGLAS
MEMPA, *Appellant*.*

*Will Lorenz* (of *Trezona, Chastek & Lorenz*), for appel-
lant (appointed counsel for appeal).

*Donald C. Brockett* and *Claude Bailey*, for respondent.

HAMILTON, J.—This is an appeal from a denial of defend-

*Reported in 477 P.2d 178.

ant's motion to withdraw pleas of guilty and to vacate the judgment and sentence based upon such pleas.

Defendant Jerry Douglas Mempa and a friend, Lonnie Lee Bates, were charged with second-degree burglary of a dry cleaning establishment in Spokane, Washington. They were arraigned on October 7, 1968. At this time they were represented by an attorney of their choice, Gerald Bovey, a member of an established and reputable law firm experienced in the field of criminal law. Both of the accused pleaded not guilty. Bates was able to post bail, the defendant was not.

While confined in the county jail the defendant broke a window, inflicted a small wound on his arm, and claimed to have eaten a light bulb and a razor blade. He refused medical assistance and was placed in a padded cell for his own protection. Upon motion of his attorney the superior court ordered a psychiatric examination.

On October 22, 1968, the defendant and Bates were rearraigned on an amended information charging them with the additional offense of possession of stolen property, a gross misdemeanor. Again, both pleaded not guilty. On October 24, 1968, pursuant to the trial court's order, a competent psychiatrist, Dr. Sol Levy, examined the defendant and subsequently submitted a written report to the trial court, the prosecuting attorney's office and defendant's counsel.

Sometime thereafter, and before November 8, 1968, at the behest of the defendant, a conference was held in the office of the prosecuting attorney, attended by the defendant, his counsel, and a deputy prosecuting attorney. At this conference it was agreed that the burglary charge against Bates would be dismissed and the defendant would plead guilty to both counts of the amended information.

On November 8, 1968, the defendant and Bates were again brought before the court. Following testimony of the examining psychiatrist, to the effect that defendant was capable of distinguishing between right and wrong, able to understand his peril and to assist in his defense, defendant's counsel requested that defendant be permitted to change his plea to the amended information. After careful

and extensive questioning by the trial judge concerning the defendant's understanding of his rights and the voluntariness of his action, the defendant entered a plea of guilty to both counts of the amended information. Because of his prior record, defendant was thereupon sentenced to confinement in a state correctional facility for a maximum term of 15 years on the burglary charge and to the county jail for 1 year on the gross misdemeanor charge, both sentences to run concurrently. The felony charge against Bates was, upon motion of the prosecuting attorney, dismissed and sentence of 1 year in the county jail upon his plea of guilty to the gross misdemeanor charge was later suspended.

Shortly after his arrival at the state correctional facility, the defendant addressed a letter to the trial judge requesting permission to withdraw his pleas of guilty. He also prepared and filed a notice of appeal from his conviction. Present counsel was then appointed to represent the defendant and he, in turn, filed a formal motion to withdraw the pleas of guilty and vacate the judgment and sentence.

A hearing was held before the trial judge who had accepted defendant's pleas of guilty. The defendant was present and testified at the hearing. He stated that at the time of the alleged burglary he was under the influence of narcotics, was driving around with two companions, who at the time of the hearing were incarcerated with him in the correctional facility, and that two unknown men gave them the articles that were subsequently identified as the fruits of the burglary. Following this, the defendant said he joined Bates. He further testified that shortly after his arrest and incarceration in the county jail in early October, 1968, he acquired, from a source he refused to reveal, some LSD and remained under the influence thereof up to the time of his change of plea on November 8, 1968. As a result of this, he claimed he was unable to recall any events precipitating his pleas of guilty. He maintained, however, that his former attorney, Mr. Bovey, was unaware of his condition, represented him competently and that no fraud

had been practiced against him to induce his pleas of guilty.

Mr. Bovey and the deputy prosecuting attorney testified concerning the conference in the prosecuting attorney's office leading up to the change of pleas on November 8, 1968. Both testified that at the time of the conference and on November 8th, the defendant, though somewhat disheveled, at the time of the conference, appeared rational and competent. The deputy prosecuting attorney then outlined the evidence the state would have presented to establish the charges had the defendant stood trial.

At the conclusion of the hearing, the trial court denied defendant's motion to withdraw his pleas of guilty and to vacate the judgment and sentence, and fixed appointed counsel's fee for his services up to that time at $150. Notice of appeal followed.

Two errors are assigned. The first assignment is directed to the denial of defendant's motion and the second to the failure of the trial court to award a more substantial attorney's fee.

We find no merit in defendant's first assignment of error.

■ A motion to withdraw a plea of guilty after judgment and sentence has been entered is addressed to the sound discretion of the court, and will be treated as an application to vacate the judgment pursuant to RCW 4.72.010. In addition to establishing one of the statutory grounds as a basis for vacating the judgment, it is necessary to show a prima facie defense to the charge. *State v. Loux*, 69 Wn.2d 855, 420 P.2d 693 (1966).

In his motion, defendant alleged fraud, irregularity and innocence of the crimes charged as grounds for vacating the judgment and sentence and withdrawing his pleas. At the hearing, however, the defendant agreed his pleas were not induced by fraud, stated he was adequately and competently represented, and could point to no irregularities in the proceedings other than his claim that he was under the influence of drugs while in the county jail. He offered no credible evidence tending to establish a prima facie defense to the charges beyond his bare assertion that he was

drugged at the time of the offenses and was riding around with two friends who were presently incarcerated with him in prison. The testimony of his former counsel as well as that of the deputy prosecuting attorney refuted defendant's claim that he was under the influence of drugs during the course of the negotiations leading up to his change of pleas. The transcript of the proceedings at the time he entered his pleas of guilty sustains the state's contention that he was then rational and in full possession of his faculties and was entering his pleas on his own volition.

Based upon the evidence before him and upon his own observations of the defendant at the time the defendant changed his pleas, the trial judge found and determined that the guilty pleas were freely, voluntarily, understandingly, competently, and intelligently entered without inducement, coercion or the influence of drugs and at a time when the defendant was ably represented by counsel. The trial judge further determined there was an insufficient showing of a meritorious defense to the charges.

The findings of the trial judge are amply sustained by the evidence presented, and we find no abuse of discretion or injustice in the denial of defendant's motion to vacate the judgment and sentence and to withdraw his pleas of guilty.

By his second assignment of error the defendant contends that the failure of the trial court to award more than $150 to his court appointed counsel, as an attorney's fee for his services in presenting defendant's motion, had the effect of denying due process of law to the defendant.

We cannot agree.

The principle that an indigent person accused of crime is entitled to representation by legal counsel at the crucial stages of all proceedings leading up to a conviction, sentence, judgment, and appeal is well established. Denial of the right to such counsel or the incompetency of appointed counsel can and may constitute a breach of due process insofar as the accused be concerned. However, where, as in this case, able and experienced counsel is appointed to represent the indigent and at all stages of

representation performs his responsibilities diligently and competently, the indigent so represented has, in this respect, received his full measure of due process. The fact that such appointed counsel may or may not be fully compensated for his services under such circumstances does not diminish the measure of due process in fact bestowed upon the accused.

Counsel for the defendant, nevertheless, argues that, as a general proposition, the prospect that counsel appointed to defend indigent persons accused of crime will receive less than adequate compensation for their services tends to deter experienced attorneys from accepting such appointments, and dampens the enthusiasm and efficiency of such as may accept an assignment. Thus, it is contended, an indigent person's right to effective legal counsel is eroded and his due process privileges invidiously invaded.

We cannot accept counsel's broad premise for importing a denial of due process in each case wherein an attorney is not fully compensated from the public coffers for legal services furnished an indigent accused of crime. In the first place the contention injects too many speculative, conjectural and subjective factors to warrant the all inclusive conclusion suggested, and, in the second place, it belies the efforts of conscientious counsel, in the great majority of cases, who despite the probability that they will not be fully compensated, accept the responsibility imposed by a court appointment and wholeheartedly devote their time and talent to the assigned task. In our view, some tangible demonstration of prejudice to the accused's rights, causally related to the compensation factor, must appear before appropriate inquiry and possible corrective action is warranted. Such has not been shown in the present case.

It is further contended that the amount awarded in the instant case does not meet the standard of reasonableness set forth in RCW 10.01.110, which provides in pertinent part:

Counsel so appointed shall be paid a reasonable amount as attorney's fees together with reimbursement of actual

expenses necessarily incurred upon the court's order by the county in which such proceeding is had: . . .

■ Statutes such as this have been construed to permit the trial court a large measure of discretion in fixing and awarding fees. *See, Indigent Accused—Attorney's Fees,* Annot., 18 A.L.R.3d 1074 (1968). It is recognized, ordinarily speaking, that an attorney so appointed may not be entitled to a fee commensurate with that which would be charged or paid had the client involved been able to pay for the services rendered. Factors, of course, which should go into a consideration of the amount to be awarded are the amount of time and effort expended, the nature and extent of the services rendered, the fees paid for similar services in other jurisdictions, the prevailing bar association fee schedules, the traditional responsibilities of the legal profession, the amount of public funds made available for such purposes, and a judicious respect for the taxpaying public as well as the needs of the accused. The judge before whom the legal services are performed is in a peculiarly advantageous position to consider and evaluate the factors involved, and his determination will not ordinarily be disturbed absent a manifest abuse of discretion.

In the instant case, all factors being considered, we find no manifest abuse of discretion on the part of the trial judge in fixing the fee involved. Neither do we find the fee, standing by itself, so unreasonable as to warrant our intervention, even though we might be inclined to agree that the amount awarded may not fully compensate defendant's appointed counsel for the time, effort, diligence and talent expended.

The judgment of the trial court is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, HALE, NEILL, MC-GOVERN, and STAFFORD, JJ., concur.