[No. 43231.    En Banc.    February 6, 1975.]

ESTHER TOFTE, *Appellant,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Norman R. McNulty, Jr.,* of *Spokane County Legal Services,* for appellant.

*Slade Gorton, Attorney General,* and *Scott C. Neilson, Assistant,* for respondent.

HAMILTON, J.—In this appeal we are asked to decide whether attorney fees, authorized by statute in successful appeals from "welfare fair hearing" decisions, are to be awarded to publicly funded legal services organizations. We conclude that they are.

Appellant, Mrs. Tofte, is a recipient of State old-age assistance. Following the death of her husband, a disagreement arose between appellant and the respondent, Department of Social and Health Services, concerning her expenditures

for his funeral. The dispute arose because of a misdirected interoffice memorandum and resulted in a termination of appellant's old-age assistance grant and the assessment of an overpayment against her. At a subsequent administrative hearing and then in a Superior Court appeal, appellant was represented by Spokane County Legal Services (SCLS). SCLS is a nonprofit corporation devoted to providing free legal services to the poor and is funded with federal as well as local funds. Appellant prevailed in the Superior Court. A motion was thereupon filed by SCLS for attorney fees pursuant to RCW 74.08.080, accompanied by appellant's affidavit that any fee awarded would be paid to SCLS. RCW 74.08.080 provides in pertinent part:

> In the event an appellant feels himself aggrieved by the decision rendered in the hearing provided for in RCW 74.08.070, he shall have the right to petition the superior court for judicial review in accordance with the provisions of chapter 34.04 RCW, as now or hereafter amended. Either party may appeal from the decision of the superior court to the supreme court or the court of appeals of the state: . . . In the event that the superior court, the court of appeals, or the supreme court renders a decision in favor of the appellant, said appellant *shall be entitled to reasonable attorney's fees* and costs.

(Italics ours.)

The motion for the fee award was denied, and this appeal followed.

Respondent contends, and the trial court agreed, that because of the absence of the traditional contractual attorney-client relationship between appellant and SCLS and the absence of any actual fee expenditure or obligation on the part of appellant, a reasonable fee would be no fee at all, and an award under these circumstances would amount to a windfall to appellant and/or SCLS. This, respondent asserts, was not the intent of the legislature in enacting RCW 74.08.080.

We disagree with respondent's construction of the statute.

At the outset, it is to be noted that the statutory provision relating to the award of fees is cast in mandatory language and draws no express distinction as between legal aid or privately retained counsel. Varying rationales are utilized to sustain awards of attorney fees to successful litigants with retained counsel when such awards are made pursuant to a court's equitable powers or pursuant to statutory directive, *e.g.*, the common fund theory, the private attorney general doctrine, the corrective or punitive effect upon wrongful conduct, the deterring effect upon careless or callous behavior, or to encourage just settlements. Note, *Awards of Attorney's Fees to Legal Aid Offices*, 87 Harv. L. Rev. 411 (1973).

We thus confront the basic question of whether one or more of these rationales provides the basis for an award of fees to SCLS pursuant to the statutory mandate. SCLS assures us that there is no federal regulation or internal SCLS rule which prevents acceptance of such fees for the benefit of its operational fund.

In support of its contention that awards to legal aid organizations are inappropriate, respondent cites *Gaddis v. Wyman*, 336 F. Supp. 1225 (S.D.N.Y. 1972), in which the court denied fees to a legal services organization pursuing litigation against the state and county departments of social services. However, the *Gaddis* court prefaced its decision by noting that no bad faith was indicated, and no statutory basis existed for an award of fees. The court did not address itself to the question of whether an award of fees would be made where statutory authorization or direction was available. Respondent also cites *Woolfolk v. Brown*, 358 F. Supp. 524 (E.D. Va. 1973), in which fees were denied on the authority of *Gaddis*. Again, however, no statutory direction was involved.

Appellant, on the other hand, is able to cite numerous cases in trial courts in which fees were awarded to legal aid

facilities. Not all Spokane County courts deny fees to SCLS. *Dailey v. Burns,* Cause No. 214711, Spokane Superior Court, October 9, 1974. Courts in other states have also awarded such fees. A Colorado court awarded attorney fees as authorized by statute to Colorado Rural Legal Services. *Case Developments, Salinas v. Great Western Sugar Co.,* 8 Clearinghouse Rev. 116 (1974). An Ohio federal court awarded fees to a legal services organization, indicating that the decision to award attorney fees should not depend on the status of the party, and that a blanket exclusion of legal services organizations from receipt of such fees would be inconsistent with the rights of the poor to access to the courts. *Palmer v. Columbia Gas of Ohio, Inc.,* 375 F. Supp. 634 (N.D. Ohio 1974). A Massachusetts court awarded fees to Western Massachusetts Legal Services, Inc., on policy grounds, indicating that the authorizing statute did not distinguish between private and government funded attorneys, the statute was punitive in nature, and the award would serve as a deterrent. *Case Developments, Planas v. Downing,* 8 Clearinghouse Rev. 212 (1974). A New York court awarded attorney fees to a legal services organization after its successful litigation against the New York Commission of Social Services. *Case Developments, Almenares v. Lavine,* 7 Clearinghouse Rev. 634 (1973). Several California courts have awarded fees in substantially similar cases. *Case Developments, Trout v. Carleson,* 7 Clearinghouse Rev. 756 (1974); *Case Developments, Silberman v. Swoap,* 8 Clearinghouse Rev. 55, 380 (1974).

One California case appears to be directly in point. The State of California had terminated appellant's AFDC benefits. The court reinstated those benefits on review of a welfare fair hearing decision, and awarded attorney fees and costs pursuant to a section of the California welfare code. The state argued that the petitioner should not be entitled to such an award because representation had been provided by a legal aid organization without direct costs to the petitioner, and petitioner should recover only for costs

actually incurred. In making the award, the court stated that the legal services organization was authorized to receive such an award under federal law, and that the welfare code does not require that a successful applicant must personally incur an obligation to pay attorney fees before an award may be made. *Poverty Law Developments, Luna v. Carleson,* 7 Clearinghouse Rev. 243 (1973).

We conclude that the fundamental underpinning of the fee award provision is a policy at once punitive and deterrent—a corrective policy which would discipline respondent for violations of Title 74 RCW or of its own regulations, by shifting to the respondent the costs of righting its mistakes. Appellant cites 14 cases brought by SCLS in superior courts in 1974, all appeals of respondent's welfare decisions. In all but one, SCLS was successful in obtaining a court reversal of the decision of respondent, but seldom, it seems, was awarded the statutory attorney fees. At present, it is contended, the private bar shuns welfare cases, leaving them to SCLS; the respondent thus has rarely been assessed fees where incautious, careless, or wrongful actions by its employees have improperly denied benefits and required correction by an appellate court. Clearly an incentive to more careful scrutiny is not out of place. Respondent admits that "a decision for the appellant would give the Department added cause to evaluate each case with more scrutiny."

Given the underlying purposes of the fee award provided for in RCW 74.08.080, we see no logical basis upon which to draw a distinction in applicability of the provision between privately retained counsel and SCLS. Accordingly, the denial of appellant's motion for an award of fees is reversed, and the cause is remanded for a determination and an award of a reasonable attorney fee.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.