**Sergeant Edward A. HAIRSTON, Plaintiff-Appellant,**

v.

**R & R APARTMENTS et al., Defendants-Appellees.**

No. 74–1449.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 1974.

Decided Feb. 19, 1975.

Robert G. Schwemm, Chicago, Ill., for plaintiff-appellant.

John F. Cusack, Francis X. Riley, Chicago, Ill., for defendants-appellees.

Before CASTLE, Senior Circuit Judge, and STEVENS and SPRECHER, Circuit Judges.

CASTLE, Senior Circuit Judge.

Plaintiff Sergeant Edward A. Hairston, a black United States Marine Corps recruiting officer, filed a complaint charging the defendants with violations of the Civil Rights Act of 1866, 42 U.S.C. § 1982, and Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), 42 U.S.C. §§ 3601, 3604, by refusing to permit the plaintiff to rent and occupy an apartment because of his race. The plaintiff obtained a temporary restraining order, and after a hearing, the district court permanently enjoined the defendants from discriminating against the plaintiff in the lease or occupancy of the apartment because of race. Subsequently, the district court awarded the plaintiff minimal damages and costs, but denied an award of attorney fees. It is solely from this denial that plaintiff appeals, and we reverse and remand.

Section 3612(c) of the Fair Housing Act provides that:

> The court may grant as relief . . . reasonable attorney fees in the case of a prevailing plaintiff: *Provided,* That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees.

The plaintiff filed an uncontested affidavit that his salary as a recruiting officer for the Marine Corps was $436.00 per month, and that he was unable to bear the expenses of this litigation. Although it is uncertain if the district court in denying the fees considered whether the plaintiff's financial status made him unable to pay the expenses of this litigation, we think it clear that Hairston's salary is insufficient to arm him for the

cost of this suit.[1] Hairston, however, was represented by a private legal services organization, and was not obligated to pay any fees. Looking to the policy behind § 3612(c), the district court concluded that the purpose behind the award of attorney fees was to avoid denying plaintiffs access to the courts because of burdensome expenses. Because Hairston had no burden to assume and thus no apparent obstacle to access, the court found that the proviso to § 3612(c) precluded the grant of fees.

■■■ The district court correctly ascertained the purpose behind § 3612(c), but its view too severely constricts achievement of that goal. The traditional American rule ordinarily disfavors the allowance of attorney fees, Hall v. Cole, 412 U.S. 1, 4, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), but as the Supreme Court has noted in similar contexts, Congress has enacted provisions for attorney fees to encourage individuals injured by racial discrimination to act as "private attorneys general" by seeking judicial relief on their own initiative, thereby providing a method to forcefully vindicate a policy of equal opportunity considered to be of the highest priority. Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); Trafficante v. Metropolitan Life Insurance Co., 409 U.S. 205, 209, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972); Northcross v. Memphis Board of Education, 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973). We have explicitly held that this policy of encouraging compliance through private action underlies the provision for reasonable attorney fees in § 3612(c). Jeanty v. McKey and Poague, Inc., 496 F.2d 1119, 1121 (7th Cir. 1974).

■■■ Awarding attorney fees where the plaintiff is unable to bear the expense of litigation even though the legal services are provided at no cost is consistent with and advances this policy. Brandenburger v. Thompson, 494 F.2d 885 (9th Cir. 1974); Fairley v. Patterson, 493 F.2d 598 (5th Cir. 1974); Lea v. Cone Mills Corp., 438 F.2d 86 (4th Cir. 1971); Miller v. Amusement Enterprises, Inc., 426 F.2d 534 (5th Cir. 1970); Stevens v. Dobs, Inc., 373 F.Supp. 618 (E.D.N.C. 1974); Note, Awards of Attorney's Fees to Legal Aid Offices, 87 Harv.L.Rev. 411 (1973). When free legal services are provided there may be no direct barrier to the courtroom door, but if no fees are awarded, the burden of the costs is placed on the organization providing the services, and it correspondingly may decline to bring such suits and decide to concentrate its limited resources elsewhere, thereby curtailing the forceful application of the Act that Congress sought. Thus, the denial of fees in this situation indirectly cripples the enforcement scheme designed by Congress. The analysis in Brandenburger v. Thompson, *supra*, 494 F.2d at 889, is applicable here:[2]

> [T]he fact that the plaintiff was not obligated to pay the ACLU for its services is not a bar to an award of attorneys' fees. All that is required is the existence of an attorney-client relationship. . . .

---

1. Attorney fees have also been granted under § 1982, though that section contains no express provision for their award or similar limiting proviso. *See* Lee v. Southern Home Sites Corp., 444 F.2d 143 (5th Cir. 1971); Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972). Because we have concluded that the plaintiff is unable to finance the cost of the suit and therefore initially falls within § 3612(c), it is unnecessary to consider what effect, if any, that section's restriction on financial status has on § 1982. *See* Jones v. Alfred H. Mayer Co., 392 U.S. 409, 416 & n. 20, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Hunter v. Erickson, 393 U.S. 385, 388, 89 S.Ct. 557, 21 L.Ed.2d 616 (1969); The Wilder-

ness Society v. Morton, 495 F.2d 1026 (D.C. Cir. 1974) (en banc), cert. granted sub nom. Alyeska Pipeline Ser. Co. v. The Wilderness Society, 419 U.S. 823, 95 S.Ct. 39, 42 L.Ed.2d 47 (U.S. Oct. 15, 1974). *Compare* Wright v. Kaine Realty, 352 F.Supp. 222 (N.D.Ill.1972) *with* Warren v. Norman Realty Co., 375 F.Supp. 478 (D.Neb.1974).

2. We express no opinion, however, on that court's holding that the eleventh amendment does not prohibit an award of attorney fees against a state official acting in his or her official capacity. *Compare* Jordan v. Gilligan, 500 F.2d 701 (6th Cir. 1974), cert. pending, 43 U.S.L.W. 3299 (U.S. Nov. 19, 1974).

The policy underlying the "private attorney general" doctrine supports this conclusion. It is true that the prospect of attorneys' fees does not discourage the litigant from bringing suit when legal representation is provided without charge. But the entity providing the free legal services will be so discouraged, and an award of attorneys' fees encourages it to bring public-minded suits when so requested by litigants who are unable to pay. Thus, an award of attorneys' fees to the organization providing free legal services indirectly serves the same purpose as an award directly to a fee paying litigant. . . . (Citations and footnote omitted.)

Consequently, the grant of fees does accrue to the benefit of the plaintiff by assuring vigorous enforcement of the Fair Housing Act. So long as the plaintiff is unable to afford the cost of litigation, we see no reason to reduce the level of that enforcement by attaching significance to a formalized obligation to pay, Miller v. Amusement Enterprises, Inc., *supra,* 426 F.2d at 539, and thus, in light of the purpose served by an award of fees, we find that an organization providing free legal services stands in the same position as a private attorney to whom a fee is owed. To avoid any windfall, however, the grant of ·fees should go directly to the organization providing the services. Brandenburger v. Thompson, *supra,* 494 F.2d at 889; Miller v. Amusement Enterprises, Inc., *supra,* 426 F.2d at 539. Accordingly, the district court's denial of attorney fees is reversed.

The plaintiff requested $2,375.00 in fees for services performed in the district court, and now also seeks an appropriate amount for work performed on this appeal. The district court, however, did not pass on the reasonableness of the requested fee, and there is no record before us of the amount of work expended on appeal. We therefore remand for a determination of a reasonable fee[3] for services performed in the district court and here on appeal. Jeanty v. McKey and Poague, Inc., *supra;* Miller v. Amusement Enterprises, Inc., *supra.*

The judgment of the district court is reversed and remanded.

Reversed and remanded.

---

**3.** The factors that should be considered in determining a reasonable fee are discussed in Waters v. Wisconsin Steel Works of International Harvester Co., 502 F.2d 1309, 1322 (7th Cir. 1974). *See also* Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).