[No. 1504-3.   Division Three.   May 20, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. LEROY JOSEPH LEHIRONDELLE, ET AL, *Defendants*, JAMES R. BLINN, JR., ET AL, *Appellants*.

*James R. Blinn, Jr., Kelly & Blinn, William M. Hamilton,* and *Hamilton, Lynch & Kuntz,* for appellants.

*Fred Van Sickle, Prosecuting Attorney,* for respondent.

McINTURFF, C.J.—Two court appointed lawyers appeal from an alleged inadequate award of attorney fees for an indigent criminal defense. This award was based on a fee schedule. We reverse the award, and remand for action consistent with this opinion.

This appeal arises as a consequence of the progressive burden placed upon taxpayers and lawyers by the expansion of indigent rights and a continuing increase in crime. According to the attorneys, Mr. Blinn and Mr. Hamilton, this burden is particularly acute in the rural counties of our state where there are fewer taxpayers to bear the consequent expense, and fewer lawyers to represent the indigent accused. Douglas County has a pool of perhaps 10 lawyers from which the court may draw defense counsel.

The court found that Mr. Blinn and Mr. Hamilton diligently and competently represented their indigent clients. It was also found that $50 and $40 per hour, respectively, was a reasonable charge for their services to a paying client. But after submission of detailed and accurate time sheets, these lawyers were compensated, in rough figures, at a rate of $17.50 and $14 per hour, plus expenses. We are certain this rate of compensation will not only deny them

any profit, but in all probability, will not cover their office overhead.[1]

■ Court appointed counsel is to be paid a reasonable amount as attorney fees together with reimbursement of actual expenses necessarily incurred by the court's order.[2] The determination of what amount should be paid as reasonable attorney fees is a matter of court discretion.[3] The fee need not be of an amount equal to that from a paying client, but should strike a balance between conflicting interests, including the professional obligation of a lawyer to make legal counsel available and the increasingly heavy burden on the legal profession created by expanded indigent rights.[4] Court appointed counsel should neither be unjustly enriched nor unduly impoverished, but *must* be awarded an amount which will allow the financial survival of his practice. A county *shall* pay a reasonable amount for all professional services which are not donated.[5]

---

[1]The attorneys reside in East Wenatchee, which is 27 miles from Waterville, the county seat of Douglas County. The 54-mile roundtrip to the courthouse requires 1½ hours in good weather. Though their cases were resolved before trial by plea bargaining, the attorneys were required to make four and five roundtrips to Waterville for initial conferences with their clients, appearances on several pretrial motions, arraignment, depositions, and plea.

According to Charles W. Cone of Wenatchee, testifying as an expert, the award of attorney fees failed to note the time expended away from the attorneys' offices in representation of these clients; that at the time of these court appointments in October 1974, attorney office overhead was at least 55 percent of income, or $150 overhead per attorney per day; that an attorney would have to earn $150 per day to break even; that an 8 a.m. to 5 p.m. work day might produce 5 to 6 billable hours.

We are also aware of the plight of the counties. According to the Honorable B. J. McLean, Superior Court Judge for Douglas County, there are counties in our state which are without funds to make a down payment on public vehicles; the vehicles must be leased. Pencils on the bench are labelled "Superior Court" with pieces of paper wrapped in scotch tape. Judge McLean expressed his full cognizance of the financial burden placed upon court appointed attorneys, but honestly felt the public unable to pay more. ·

[2]RCW 10.01.110.

[3]*State v. Mempa,* 78 Wn.2d 530, 536, 477 P.2d 178 (1970).

[4]*Honore v. State Bd. of Prison Terms & Paroles,* 77 Wn.2d 660, 677-79, 466 P.2d 485 (1970).

[5]If the costs of services of representation of indigent persons exceed

Elements of consideration in fixing fees include the amount of time and effort expended, the nature and extent of the services rendered, the fees paid for similar services in other jurisdictions, the traditional responsibilities of the legal profession, the amount of public funds made available for such purposes, and a judicious respect for the taxpaying public as well as the needs of the accused.[6]

In its oral opinion fixing fees, the court made reference to the Grant and Douglas County fee schedule for defense of indigent accused,[7] which it apparently arrived at after discussion with the county commissioners. Compensation was fixed at a flat rate of $150 from the schedule, with

---

that of the employment of a full-time public defender, it may be necessary for the county to consider that option, or acquisition of comparable services by contract. We are aware of no other working group, professional or otherwise, who are obligated to perform services for the county or state without reasonable compensation.

[6] *State v. Mempa,* 78 Wn.2d 530, 536, 477 P.2d 178 (1970); *see* Code of Professional Responsibility, in detail Canon 2, DR 2-106(B), EC 2-18, EC 2-25.

[7]                     "SUPERIOR COURT RULE
                              AMENDMENT

"Amendment to Court Rules for Grant and Douglas Counties as to Attorneys' Fees for Indigent Accused.

"Effective June 3, 1974.

"Dated this 31st day of May, 1974.

                              /s/ Felix Rea
                     ―――――――――――――――――――
                              JUDGE
                              /s/ B. J. McLean
                     ―――――――――――――――――――
                              JUDGE

             "FEE SCHEDULE FOR DEFENSE OF
                     INDIGENT ACCUSED
             "GRANT AND DOUGLAS COUNTIES

| "Case disposed of before trial, no matter | |
|---|---|
|    how many appearances | $150.00 |
| "First day of trial | 150.00 |
|    Second day of trial | 125.00 |
|    Each day of trial thereafter | 75.00 |
| "Preparation of case for trial | 100.00 |

"The above schedule is for the ordinary, usual case. It probably would be higher in special situations such as a first degree murder trial.

"Effective date: June 3, 1974"

an additional allowance of $75 for depositions. To the extent the fixed schedule prevented consideration of other elements suggested above, reliance on the schedule was improper. A schedule which fails to consider the infinite variety and difficulty of legal problems case by case cannot be the basis for fixing reasonable attorney fees. The court must consider more, much more.

> The judge before whom the legal services are performed is in a peculiarly advantageous position to consider and evaluate the factors involved, and his determination will not ordinarily be disturbed absent a manifest abuse of discretion.[8]

But where a schedule, and not the court, fixes the fee, case by case, there has been no exercise of discretion. Accordingly, we remand the case for exercise of discretion free of the confines of the schedule.

The order fixing attorney fees is reversed and the cause remanded for action consistent with this opinion.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied June 28, 1976.

Review denied by Supreme Court November 12, 1976.

---

[8]*State v. Mempa*, 78 Wn.2d 530, 536, 477 P.2d 178 (1970).