604 P.2d 711

**In the Interest of Virginia L. DUNMIRE, a Child Under 18 Years of Age.**

**W. Craig JAMES and Idaho Legal Aid Services, Inc., Appellants,**

v.

**Robert B. DUNLAP, Administrative Judge of the Third Judicial District of the State of Idaho, and Board of County Commissioners of Gem County, Idaho, Respondents.**

No. 12500.

Supreme Court of Idaho.

Dec. 10, 1979.

W. Craig James and Idaho Legal Aid Services, Inc., Caldwell, for appellants.

Margaret F. Ewing, Legal Services Corp., Washington, D. C., amicus curiae for appellants.

Wayne L. Kidwell, Atty. Gen., and Peter E. Heiser, Jr., Chief Deputy Atty. Gen., Boise, for respondents.

BISTLINE, Justice.

A fourteen year old juvenile was charged with offenses which brought her under the Youth Rehabilitation Act. The child and her mother separately requested counsel. After finding them indigent the court appointed the Public Defender to represent the daughter. The appellants, W. Craig James and Idaho Legal Aid Services, were appointed to represent the mother.

After termination of the proceedings, appellants sought compensation for services rendered, submitting a statement of fees ($277.32) to the District Court Clerk of Gem County. The magistrate who appointed counsel and heard the matter annotated the fee statement "appearances confirmed" and forwarded it to the district's administrative judge.

The administrative district judge entered the following order:

"W. CRAIG JAMES and Idaho Legal Aid Services, Inc. having been appointed as counsel for the custodial parent in the above captioned matter; a trial determination of the case having been made; a claim for attorney fees having been timely made pursuant to Idaho Code 16–1809A, as supported by a sworn statement of fees; and the Court finding that W. CRAIG JAMES and Idaho Legal Aid Services, Inc. are not entitled to attorney fees; now therefore, it is,

"ORDERED that the claim for attorney fees submitted by W. CRAIG JAMES and Idaho Legal Aid Services, Inc. be and the same is hereby denied."

Two issues are presented. Appellants claim error on the part of the court in holding them not entitled to attorney fees; respondents move to dismiss the appeal as improperly taken "from an extrajudicial ministerial act." Respondents do not address the issue raised by appellants. We turn first to the motion to dismiss.

*Common School District No. 58 v. Lunden,* 71 Idaho 486, 233 P.2d 806 (1951), cited by respondents, makes the statement that an appeal does not lie from purely ministerial acts. There is, however, nothing in the opinion in that case which in any way persuades us that the order here was purely ministerial, or even that it was at all ministerial.

While it is true, as pointed out by respondents, that there is no specific statutory provision for judicial review of orders passing on claims for attorney fees in connection with legal services rendered as appointed counsel in Y.R.A. cases, the Third Judicial District apparently has adopted some procedure whereby such claims once verified by the magistrate must gain the approval of the Third District's administrative judge. It is logical to believe that the respondent judge acted upon some agreement or understanding with the respondent Board of County Commissioners whereby the Board desired his approval of such claims. This is in accord with I.C. § 19–856: when counsel are appointed to represent an indigent criminal defendant, "the court shall prescribe reasonable compensation for him and approve the expenses necessarily incurred by him in the defense of the needy person."[1]

In *Spaulding v. Children's Home Finding and Aid Society,* 89 Idaho 10, 402 P.2d 52 (1965), the Court stated that proceedings involving delinquent children are "quasi criminal in nature." The Court then noted a Colorado court's observation that " 'the minor may be seized from the custody of its parent to whom the court has confided it and tried for dependency or delinquency.' " Id., at 21, 402 P.2d at 59. The legislature has declared it proper that in such quasi-criminal proceedings it may be appropriate to appoint separate counsel for both the indigent child and the indigent mother. Practitioners with experience in this partic-

1. The forerunner to I.C. § 19–856 was I.C.A. 19–1413, as amended in 1937, providing that where counsel were appointed for indigents being tried for felonies, services rendered "must be paid for out of the county treasury, upon order of the judge of the court, such sum as the court may deem reasonable for the services rendered." From 1864 until 1937, district court representations were statutorily set at ten dollars for misdemeanors, fifty dollars for murder cases, and all other felonies twenty-five dollars.

ular field understand the wisdom of appointing separate counsel where there are compelling reasons for so doing. Such is not an issue here, however, where the magistrate's determination to do so is not under any challenge.

■ What was said in *Spaulding* in 1965 remains true today. Y.R.A. proceedings are quasi-criminal in nature, and the right of the involved indigents to counsel cannot be seriously contested. Under the provisions of both I.C. § 16–1809A of the Y.R.A. and I.C. §§ 19–853(c) and 19–856 of the Criminal Code, respectively the indigent youthful offender (and his parent) and the indigent adult offender are entitled to an order of the court providing legal representation; hence we see no fault on the part of the respondent judge and respondent county in utilizing in both instances the attorney fees claim approval procedure years ago set forth in the Criminal Code and, as amended, still in effect today.[2] Accordingly, we hold that the district judge acted in a judicial capacity.[3]

■ Concomitant with the contention just disposed of, respondents argue that appellants were not parties in the court below in the juvenile proceeding. This is true, but appellants were very much parties in the ensuing compensation proceeding and certainly they were aggrieved by the order

holding them not so entitled. *Renfro v. Nixon*, 55 Idaho 532, 45 P.2d 595 (1935), is ample authority for the proposition that in this jurisdiction an attorney in quest of his fee may be an aggrieved party entitled to appeal. Although that Idaho case eluded respondents, they do cite *Rose v. Alaskan Village, Inc.*, 412 P.2d 503 (Alaska 1966) for the proposition that there are certain cases in which attorneys may seek review of an award or the refusal to give an award of attorney fees, "*when the action appealed from is a part of a judicial proceeding below.*" (Respondents' emphasis, not ours.) Holding as we have that the district judge acted judicially, and not in an *ex officio* manner, respondents' second ground is without merit,[4] and the motion to dismiss the appeal is denied.

Turning to the issue which appellants present, and assuming as do appellants that the denial of entitlement to fees was predicated upon appellants' status as paid legal aid attorneys, we hold that appellants are entitled to compensation. In doing so we acknowledge the benefit of the brief of *amicus curiae*, Legal Services Corp.

■ In the United States, the prevailing litigant is ordinarily not entitled to attorney fees in the absence of a statutory provision or enforceable contract. But where Con-

**2.** We see little distinction between a procedure where the court sets the fee and directs payment, and one where the court approves the claim as a prerequisite to approval by the county commissioners. If the legislature in passing I.C. § 16–1809A had in mind something different from the procedure here adopted by the county and district judge, it can be easily rectified by the legislature.

**3.** The district judge undoubtedly would rather be thought of as having acted judicially rather than ministerially. For definition of that which is ministerial in nature, Black's Law Dictionary (5th ed. 1979) at p. 899 states:

"That which is done under the authority of a superior; opposed to *judicial*. That which involves obedience to instructions, but demands no special discretion, judgment, or skill."

**4.** For other cases which acknowledge standing of attorneys to appeal denial of fees, see *Maddrix v. Dize*, 153 F.2d 274 (4th Cir. 1946), *Collins v. Industrial Comm'n*, 12 Ill.2d 200, 145

N.E.2d 622 (1957), *Board of Educ. of Community Unit School Dist. 303 v. County Bd.*, 35 Ill.App.3d 684, 342 N.E.2d 223 (1976), and *State v. Lehirondelle*, 15 Wash.App. 502, 550 P.2d 33 (1976).

In *Taylor v. Taylor*, 33 Idaho 445, 196 P. 211 (1921) unpaid counsel for Mrs. Taylor resisted a motion for dismissal joined in by the plaintiff, Mrs. Taylor, and the defendant, Mr. Taylor. Unpaid counsel sought a continuance of the action so as to obtain an award of fees. Mr. and Mrs. Taylor, of course, were back together. The district court denied the motion for continuance and dismissed the action. The attorneys took the appeal.

This Court entertained the appeal and reversed the dismissal and the denial of the continuance. The opinion of the Court does not reflect any specific challenge raised as to the right of the attorneys to appeal. The statute at that time spoke in terms of "aggrieved parties" having the right of appeal.

gress has intended that fees be awarded, those fees should be awarded. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975).

In the present case, I.C. § 16–1809A provides a statutory basis for the mandatory award of reasonable attorney fees by the county to court-appointed counsel in Youth Rehabilitation Act proceedings. This intent of the legislature is clearly indicated by similar mandatory language found in other statutes pertaining to juveniles, e. g., Idaho Juvenile Rule 4(b), which states: "Counsel appointed for a child in a Y.R.A. proceeding shall initially receive reasonable compensation from the county . . . ." *See* Child Protective Act, I.C. § 16–1618 and Idaho Juvenile Rule 4(a). The statute does not distinguish between legal aid and court-appointed private attorneys. If the county is required to pay reasonable fees to court-appointed private counsel, it is also required to pay reasonable fees to legal aid attorneys who are appointed by the court in these proceedings. *See Avan v. Municipal Court for Los Angeles Jud. Dist.*, 62 Cal.2d 630, 43 Cal.Rptr. 835, 401 P.2d 227 (1965). The court in *Tofte v. Washington State Department of Social & Health Services*, 85 Wash.2d 161, 531 P.2d 808 (1975), citing authority, held the Spokane County Legal Services entitled to attorney fees. In doing so, the court said: "Given the underlying purposes of the fee award provided for in RCW 74.08.080, we see no logical basis upon which to draw a distinction in applicability of the provision between privately retained counsel and SCLS." 531 P.2d at 810. In *State ex rel. McCurdy v. Carney*, 172 Ohio St. 175, 174 N.E.2d 253 (1961), the court held that court-appointed attorneys employed by legal aid were entitled to attorney fees even though the fees were paid back into a fund to be administered by a welfare organization. In *Rodriguez v. Taylor*, 420 F.Supp. 893, 895 (E.D.Pa.1976), the court concluded that Community Legal Services was entitled to attorney fees. In this regard the court said:

"The Act utilizes mandatory language. 29 U.S.C. § 216(b) states: 'The Court . . . shall . . . allow a reasonable attorney's fee . . . .' Thus the court would appear to have no discretion to deny such fees. *See Wright v. Carrigg*, 275 F.2d 448 (4th Cir. 1960). Likewise, it is of no moment that the plaintiff himself may not owe or otherwise be obligated to pay counsel an attorney's fee, because the statute provides the attorney with a direct interest. . . .

"There is no logical reason to lessen defendant's burden simply because an indigent plaintiff obtains representation by an entity such as CLS. The extent of defendant's liability should not depend upon the ability of plaintiff to hire private counsel. Because CLS is publicly financed, reimbursement to it for the time and effort its attorneys and staff expended in vindicating the rights of plaintiff individually and the plaintiff class is all the more compelling. By awarding reasonable fees to CLS, its limited resources will be increased to expand its present services, or conversely, the same services may be rendered with less expenditure of public funds. In either event the public benefits, and at no greater expense to defendants than if plaintiffs had privately retained an attorney."

*Accord, Townsend v. Edelman*, 518 F.2d 116 (7th Cir. 1975); *Hairston v. R & R Apartments*, 510 F.2d 1090 (7th Cir. 1975).

The order of the district court is reversed with directions that the claim for compensation be reconsidered in light of the views herein expressed.

Costs to appellants.

DONALDSON, C. J., and BAKES, J., concur.

SHEPARD, Justice, dissenting.

In the instant case the minuscule, almost nonexistent, "record" demonstrates only that a fourteen year old girl shoplifted some soft drinks and a package of doughnuts. Alleging that the child was within the purview of the Youth Rehabilitation

Act, a petition was filed in the *magistrate division* of the district court. The mother of the child sought the appointment of an attorney at public expense to represent her in those proceedings. Although not demonstrated in the record, presumably a different attorney was appointed to represent the minor child. We know not what proceedings thereafter took place nor any disposition that the *magistrate* might have taken. The attorney appointed to represent the mother submitted a claim for his services (presumably to the county) which was denied by the then administrative district judge for that judicial district.

We are not told whether any hearing on that claim was held nor whether the district judge denied the claim on the basis that it was excessive, that the claimed services had not been rendered, or that the judge thought that since the attorney was a member of a legal aid service, such service should be rendered without compensation. Of these matters, the record is completely lacking.

Thereafter, as reflected by the record, the attorney filed a purported notice of appeal giving notice to the administrative judge and to the Board of County Commissioners of Gem County that he was taking an appeal from an order of the *magistrate's division* to the Supreme Court. I am unable to discern how such an appeal could be taken directly from the magistrate's division to this Court and am further confused as to how an attorney (or any other class of person who rendered a service or furnished material to a county) can prosecute a creditor's claim under the guise of appealing a matter to which he is a non-party.

The attorney here may or may not have a cause of action against the county upon the denial of his creditor's claim. If he brings such an action, he may recover or, depending upon the facts and circumstances revealed, his claim may be determined by a court to be unfounded in part or in whole.

In my judgment, the majority opinion becomes needlessly involved in the technical niceties of whether or not the judge who denied the claim for legal fees was acting in a "judicial proceeding" or whether legal aid attorneys, because they are salaried employees of a public body, are or are not entitled to fees. With all deference, in my judgment, those issues should be resolved in a proper proceeding brought by the person claiming to be the creditor against the person or body who it is claimed is the debtor.

Again, with all deference, I cannot agree that the authorities cited in the majority opinion are in point or material to the case at bar. Both *Townsend* and *Hairston* are cases wherein *parties* took an appeal from denial of attorney's fees and the discussion of those cases relates to the allowance of such attorney's fees. *Rodriguez* was the decision of a federal *trial* court allowing attorney's fees to community legal services. As indicated above, it is my opinion that the question of whether public service attorneys are entitled to be awarded fees should be reserved following a proper action to collect those fees. My point is perhaps best exemplified by the *Avan* case cited by the majority opinion, wherein a direct action by way of writ of mandate was brought by the attorney against the court which denied attorney's fees.

It is enough to state at this point that an attorney has no authority to institute or maintain an appeal separate and apart from his client. Annot. 91 A.L.R.2d 618 (1963). There are exceptions to that rule, as indicated by those cases cited by the majority, under special circumstances wherein an attorney has, through his efforts, secured a sum of money and seeks a lien thereon or under special statutory provisions such as workmen's compensation awards, as was the case in *Rose v. Alaskan Village, supra*. The only case squarely in point is *State v. Lehirondelle*, 15 Wash.App. 502, 550 P.2d 33 (1976), in which the propriety of a lawyer taking an appeal was neither raised nor discussed.

I would dismiss the attempted appeal and leave the attorney to pursue his creditor's claim through the regular channels of litigation, wherein an adequate record may be developed.

SCOGGIN, J. Pro Tem., concurs.