Rose PRICE, Plaintiff,

v.

Gertrude PELKA, et al., Defendants.

No. C80–1965.

United States District Court,
N. D. Ohio, E. D.

May 20, 1981.

Edward G. Kramer, Avery S. Friedman, David L. Hoehnen, The Housing Advocates, Cleveland, Ohio, for plaintiff.

Lawrence B. Scully, Cleveland, Ohio, for defendants.

MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This action was filed on October 23, 1980, pursuant to the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* After an admission of liability by the defendants, a trial was held, limited to the question of damages. Compensatory and punitive damages, as well as attorney's fees, were awarded to the plaintiff. Since then, both parties have called upon the Court to resolve numerous post trial problems.

The most serious of the problems involved the defendants' allegations that the plaintiff, at the time of the trial, misrepresented to the Court certain material facts. Consequently, the defendants filed a Motion For Relief From Judgment, requesting the Court to vacate or modify its previous award of monetary damages.

A hearing was held on this motion at which time the defendants presented uncontradicted evidence that the plaintiff perjured herself at the trial. The Court did not disturb the award of compensatory damages because the defendants had admitted their discrimination against her. However, the Court concluded that the misrepresentations were serious enough to warrant vacating its award of punitive damages. The Court then reserved ruling on a Motion For Award of Reasonable Attorney Fees which plaintiff had previously filed.[1]

Section 812(c) of the Fair Housing Act, 42 U.S.C. § 3612(c), states in part:

> The court may grant as relief, as it deems appropriate, any permanent or temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff. . . .

The policy underlying the award of attorney fees to the prevailing party under § 3612(c) was to encourage those individuals who have been injured because of racial discrimination to act as private attorney generals, and vindicate their rights in the federal courts. See *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *Hairston v. R & R Apartments*, 510 F.2d 1090, 1092 (7th Cir. 1975). Cognizant of this policy, this Court believed that Rose Price, the prevailing party, was entitled to an award of $800.00 in attorney fees. However, in light of the evidence presented at the motion hearing, the Court hereby vacates that award.

The true beneficiary of an award of attorney fees is the prevailing party. Where a party has vindicated his or her rights in a civil rights case of this nature, that party should be entitled to receive the additional benefit of having his or her counsel fees assessed against the wrongful party. However, where a party offers perjured testimony in order to support a claim of humiliation, anger, and embarrassment due to racial discrimination, an award of attorney fees to that party would be unjust. Notwithstanding the fact that the defendants admitted their liability prior to the trial, this Court does not find it appropriate to permit the plaintiff to benefit from an assessment of attorney fees against the defendants.

Consequently, the Order awarding $800.00 in attorney fees to the plaintiff is vacated. The Motion For Award Of Reasonable Attorney Fees is hereby denied.

IT IS SO ORDERED.

---

1. This motion was predicated on the post trial efforts which plaintiff's counsel expended to assist Rose Price in gaining occupancy of the defendants' upstairs suite.