IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42245

INCLUSION, INC., an Idaho corporation; )
INCLUSION NORTH, INC., an Idaho )
corporation; and INCLUSION SOUTH, INC., )
an Idaho corporation, )
     )
    Plaintiffs-Respondents, )
     )
v. )
     )
IDAHO DEPARTMENT OF HEALTH AND )
WELFARE, a department of the State of )
Idaho, and RICHARD ARMSTRONG, in his )
official capacity as Director of the Idaho )
Department of Health and Welfare, )
     )
    Defendants-Appellants. )

Boise, November 2016 Term

2016 Opinion No. 138

Filed: November 23, 2016

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

District court award of attorney fees, vacated. IDHW's requested award is granted.

Hon. Lawrence D. Wasden, Idaho Attorney General, Boise, for appellants. Carl J. Withroe, Deputy Attorney General argued.

Charney & Associates, Eagle, for respondents. Dennis M. Charney argued.

---

BURDICK, Justice

The Idaho Department of Health and Welfare (IDHW) appeals the Ada County district court's award of attorney fees under Idaho Code section 12-120(3). IDHW contends the district court abused its discretion by basing the award on the amount billed by the Attorney General. We agree.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Inclusion, Inc., Inclusion North, Inc., and Inclusion South, Inc., (collectively Inclusion) provide residential rehabilitation support services to Idahoans eligible for Medicaid. In September 2012, Inclusion filed a complaint against IDHW, alleging IDHW breached binding

Medicaid Provider Agreements by failing to adequately reimburse Inclusion for its services. In June 2013, Inclusion amended its complaint with unjust enrichment and quasi-estoppel claims.

In April 2014, the district court granted summary judgment for IDHW, concluding no triable issue of fact supported Inclusion's claims. IDHW then moved for attorney fees under Idaho Code section 12-120(3) and requested $74,925.00 in fees. IDHW's requested award reflects 599.4 hours of work billed at a rate $125.00 per hour. Though $125.00 per hour is not the actual hourly rate billed during litigation, IDHW contended its requested award was reasonable based on prevailing hourly rates for comparable legal services in the local market (Boise).

The district court found that IDHW's requested award was based on a reasonable amount of hours and a reasonable hourly rate, as determined by the Boise market. As the district court acknowledged, "the hourly rate requested is reasonable and certainly well within the rate in the marketplace in the Fourth District in Ada County, in particular." Even so, the district court took issue with how IDHW's requested award was not based on the actual hourly rate billed during litigation. As the district court explained, "[e]xcept where the award of attorney fees is paid to the lawyer, fees awarded to a party should not exceed the amount the client actually paid for the lawyer." To that end, the district court multiplied 599.4 hours of work by $54.00 per hour[1] to award a total of $30,857.11. IDHW moved to reconsider, but the district court upheld the award for $30,857.11. IDHW timely appealed.

## II.   ISSUES ON APPEAL

1.    Did the district court abuse its discretion when fashioning the award of reasonable attorney fees under Idaho Code section 12-120(3)?

2.    Is the prevailing party entitled to attorney fees on appeal?


## III.   STANDARD OF REVIEW

"An award of attorney fees and costs is within the discretion of the trial court and subject to an abuse of discretion standard of review." *Smith v. Mitton*, 140 Idaho 893, 901, 104 P.3d 367, 375 (2004). To determine whether the district court abused its discretion, this Court evaluates

---

[1] That hourly rate is based on the Statewide Cost Allocation Program (SWCAP), which sets forth a rate of $54.00 per hour for deputy attorneys general who perform legal services for Idaho state agencies. However, it is undisputed that SWCAP does not reflect the actual hourly rate billed during litigation. Instead, SWCAP is used for federal accounting purposes to obtain federal funding and, thus, reflects only estimated fixed costs. As IDHW explains, SWCAP is a cost-allocation tool for internal service funds "in which the State identifies costs required by the federal government for the purposes of administering federal grant programs or contracts." The district court recognized SWCAP's shortcomings, but nevertheless accepted it because "it's the only thing here."

2

whether the district court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion and consistently with relevant legal standards; and (3) reached its decision by an exercise of reason. *Swallow v. Emergency Med. of Idaho, P.A.*, 138 Idaho 589, 592, 67 P.3d 68, 71 (2003).

## IV.    ANALYSIS

**A.    The district court abused its discretion by basing the award of attorney fees under Idaho Code section 12-120(3) on the amount incurred in litigation.**

Idaho Code section 12-120(3) entitles the prevailing party to an award of "reasonable" attorney fees and specifically provides as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

IDHW maintains the district court abused its discretion by rejecting its requested award, which the district court conceded was based on a reasonable amount of hours and a reasonable hourly rate. We agree.

The district court analysis rests on two primary bases. First, the district court reasoned that IDHW's requested award would result in unethical fee-splitting with a nonlawyer. That conclusion was in error. Idaho Rule of Professional Conduct 5.4(a) governs unethical fee-splitting, providing that a "lawyer or law firm shall not share legal fees with a nonlawyer . . . ." Rule 5.4(a) serves to protect the lawyer's professional independence of judgment. I.R.P.C. 5.4 cmt. [1]. IDHW's requested award would not result in unethical fee splitting because, as IDHW explains, Idaho Code section 12-120(3) entitles the prevailing party to the award, not the prevailing party's lawyer. Because the award is not the property of IDHW's lawyers, they would never be in a position to share the award with any nonlawyers. Indeed, the parties do not dispute that IDHW is entitled to all attorney fees awarded, which will be deposited in the Idaho State General Fund. Thus, IDHW's requested award would not result in unethical fee-splitting.

Second, the district court reasoned that IDHW's requested award would result in an improper profit because it would exceed the amount incurred in litigation. As the district court explained:

> Except where the award of attorney fees is paid to the lawyer, fees awarded to a party should not exceed the amount the client actually paid for the lawyer. This is

so whether the prevailing party is a government entity or a private party. To do so otherwise is an impermissible penalty and does not serve the purpose of making the receiving party whole.

These concerns are not grounded in Idaho law. Indeed, nothing under Idaho law equates "reasonable" attorney fees to "actual" attorney fees. Idaho Code section 12-120(3) entitles the prevailing party to a "reasonable" attorney fee. Idaho Rule of Civil Procedure 54(e)(3) enumerates several factors to guide the reasonableness inquiry, all of which must be considered but none of which emphasize the actual amount incurred.[2] *See Mihalka v. Shepherd*, 145 Idaho 547, 553, 181 P.3d 473, 479 (2008). The district court, after stating that it had considered all Rule 54(e)(3) factors, reasoned that IDHW's requested award was based on a reasonable amount of hours and a reasonable hourly rate. Yet, despite that finding, the district court rejected IDHW's requested award because it did not reflect the actual amount incurred in litigation. Based on the above, neither section 12-120(3) nor Rule 54(e)(3) supports that conclusion.

Moreover, the district court's analysis overlooks our jurisprudence. We have held that a prevailing party may recover a reasonable attorney fee award even if that party never actually incurred any attorney fees. *Kidwell v. U.S. Mktg., Inc.*, 102 Idaho 451, 459, 631 P.2d 622, 630 (1981) (rejecting argument that the state could not recover attorney fees merely because "the state accrued no fees, inasmuch as it was represented by staff attorneys"); *In re Dunmire*, 100 Idaho 697, 700, 604 P.2d 711, 714 (1979) (permitting salaried staff lawyers with legal aid organization to recover attorney fees as if they were private lawyers). Thus, Idaho law simply does not equate reasonable attorney fees to actual attorney fees.

---

[2] Idaho Rule of Civil Procedure 54(e)(3) provides:

> In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:
> (A) The time and labor required.
> (B) The novelty and difficulty of the questions.
> (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
> (D) The prevailing charges for like work.
> (E) Whether the fee is fixed or contingent.
> (F) The time limitations imposed by the client or the circumstances of the case.
> (G) The amount involved and the results obtained.
> (H) The undesirability of the case.
> (I) The nature and length of the professional relationship with the client.
> (J) Awards in similar cases.
> (K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case.
> (L) Any other factor which the court deems appropriate in the particular case.

We briefly note that the district court's analysis—which uses the actual amount incurred in litigation as the yardstick of reasonableness—risks undermining judicial efficiency. In many cases, basing attorney fee awards on the actual amount incurred in litigation would require discovery into confidential business practices, trade secrets, and financial records. That invasive inquiry will invariably require motion practice and a hearing. We are not alone in this conclusion. *See, e.g.*, *Copeland v. Marshall*, 641 F.2d 880, 898 (D.C. Cir. 1980); *Carter v. State of R.I., Dep't of Corrs.*, 25 F. Supp. 2d 24, 26 (D.R.I. 1998); *Coleman v. McLaren*, 635 F. Supp. 266, 268 (N.D. Ill. 1986); *PLCM Grp. v. Drexler*, 997 P.2d 511, 520 (Cal. 2000); *Corbin v. Tocco*, 845 P.2d 513, 518 (Ariz. Ct. App. 1992).

In sum, the district court abused its discretion by basing the attorney fee award on the amount billed by the Attorney General. The district court's findings were clear in that IDHW's requested award was based on a reasonable amount of hours and a reasonable hourly rate. Therefore, we adopt those findings and grant IDHW its requested award ($74,925.00) in full.

**B.    IDHW is entitled to attorney fees on appeal.**

Both parties request attorney fees on appeal under Idaho Code section 12-120(3). That statute entitles the prevailing party to an award of reasonable attorney fees on appeal. I.C. § 12-120(3); *see also Kugler v. Nelson*, 160 Idaho 408, 374 P.3d 571, 580 (2016). Since IDHW is the prevailing party on appeal, we award attorney fees on appeal to IDHW.

### V.    CONCLUSION

We vacate the district court's award of attorney fees and grant IDHW its requested award ($74,925.00) in full. Additionally, we award attorney fees and costs on appeal to IDHW.

Justices EISMANN and W. JONES **CONCUR.**

Chief Justice J. Jones, specially concurring.

I fully concur in the Court's opinion. The district court erroneously employed a cost approach to determining the attorney fee, rather than a value approach. The criteria in I.R.C.P. 54(e)(3) are geared to value, rather than cost. Indeed, the word "cost" appears nowhere in the rule. As a practical matter, courts generally give the most weight to the time and labor required for the case and the prevailing charges for like work. The latter factor is largely value based, as are most of the other factors in the rule—novelty and difficulty of the questions, skill requisite to perform the legal services, experience and ability of the attorney, the amount involved and the results obtained, the undesirability of the case, and the nature and length of the professional

relationship with the client. The value based factors outlined in the rule are at odds with the district court's conclusion that it could only consider the amount that the Attorney General billed the Department for the work.

The Attorney General's billing figure is a somewhat arbitrary amount designed primarily for inter-agency accounting purposes. While it may account for the average salary paid to attorneys in the Attorney General's office, it doesn't take into account the skill level of the individual lawyer or many of the costs attendant to housing, equipping, serving and maintaining legal staff.

If we start calculating reasonable attorney fees to be awarded a prevailing party based solely on the client's out-of-pocket costs, we would eliminate fee awards for work done by lawyers handling cases on a pro bono basis. Generally, lawyers who do pro bono work do not expect to be compensated. They clearly do not expect to receive payment from their clients. However, if a fee award may be available to a successful lawyer, it provides some incentive for lawyers to do pro bono work. To eliminate the possibility for an attorney to receive a fee award where no payment will be forthcoming from the client would be a disservice to the pro bono effort.

Justice Pro Tem KIDWELL CONCURS.