# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50292

ROYAL VON PUCKETT,

    Plaintiff-Appellant,

v.

RODNEY EVANS, individually;
PARTNERS, P.L.C.C.,

    Defendants-Respondents,

and

CITY OF EAGLE, MAYOR OF EAGLE,
EAGLE CITY COUNCIL MEMBERS,
PLANNING AND ZONING
DEPARTMENT, ADA COUNTY
COMMISSIONERS, and COUNTY
PLANNING AND ZONING
DEPARTMENT,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  October 4, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Samuel Hoagland, District Judge.

Amended judgment dismissing case without prejudice and awarding attorney fees, <u>affirmed</u>.

Royal Von Puckett, Eagle, pro se appellant.

Givens Pursley LLP; Alexander P. McLaughlin and Morgan D. Goodwin, Boise, for respondents.

---

HUSKEY, Judge

    Royal Von Puckett appeals from the amended judgment and award of attorney fees to Rodney Evans and Rodney Evans Partners, PLLC (Evans).  Puckett argues the court abused its discretion in awarding fees to the prevailing party because the complaint was not frivolous and the

1

awarding of fees results in double recovery for defense counsel. Evans argues the court acted within the appropriate discretionary bounds of their authority. We affirm the amended judgment and award of attorney fees.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying suit arises from a proposed housing development by Evans that would require land to be annexed into the City of Eagle. As is required before an application of annexation is submitted to the City of Eagle, Evans held a neighborhood meeting with local property owners to discuss the proposed annexation. Puckett attended the meeting. Puckett states that he and other residents were opposed to the development.

Puckett filed suit against Evans, the City of Eagle, the Mayor of Eagle, Eagle City Council members, the Eagle Planning and Zoning Department, the Ada County Commissioners, and the Ada County Planning and Zoning Department. He sought to enjoin the annexation of 171 acres into the City of Eagle. He alleged the annexation would amount to impermissible gerrymandering, diminish water availability, and detrimentally affect his property. Evans filed a motion to dismiss based on a lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The Ada County Commissioners and the Ada County Planning and Zoning Department filed a motion to dismiss for failure to state a claim upon which relief can be granted. The City of Eagle, Mayor of Eagle, Eagle City Council Members, and the Eagle Planning and Zoning Department (collectively "the City") filed an answer to the complaint and a motion of joinder to the motion to dismiss.

A hearing on the motions to dismiss was held, and the district court dismissed the complaint with prejudice against the Ada County Commissioners and the Ada County Planning and Zoning Department on the basis that the complaint failed to state a valid claim for relief because the county has no role or authority in annexation under Idaho Code § 50-222. The district court dismissed the complaint without prejudice against the remaining defendants finding the matter was not ripe because the City had not yet taken action on the annexation application.

Evans filed a memorandum of attorney fees, requesting $13,203.00 in total costs and fees. Puckett timely objected to the fees. Evans filed a response to Puckett's objection. Evans also filed a response and notice of clarification for the fee request to clarify the role of a third party. Puckett filed responses. The district court, after finding Puckett's arguments frivolous, entered an

amended judgment awarding Evans $7,755.00 in reasonable attorney fees as the prevailing party. Puckett timely appealed.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Puckett appeals from the amended judgment and argues the district court abused its discretion in awarding attorney fees to Evans because his claim was not frivolous or without merit. He further asserts the granting of fees equates to a double recovery for Evans.

A.   **The District Court Did Not Abuse Its Discretion in Granting Attorney Fees Because the Case Was Frivolous**

Puckett contends the district court abused its discretion in granting attorney fees because the lawsuit was filed with a serious purpose. Evans contends the district court correctly determined there was no legal basis for Puckett's opposition, Puckett frivolously pursued the case, and as a result, the award of attorney fees was justified. Puckett does not contest the finding of Evans as the prevailing party on appeal.

An award of attorney fees may be granted under I.C. § 12-121 and Idaho Rules of Civil Procedure 54(e)(2) to the prevailing party. The court "can determine that a party is a prevailing party even when the proceedings against the party are dismissed without prejudice. That dismissal terminates the proceedings against that party." *Charney v. Charney*, 159 Idaho 62, 65, 356 P.3d 355, 358 (2015*)*; *see also Parkside Schools, Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 179, 177 P.3d 390, 393 (2008) (finding district court erred in dismissing case without prejudice and not giving party against whom case was dismissed opportunity to request award of attorney fees). Such an award is appropriate when the court finds the case has been brought or defended frivolously, unreasonably, or without foundation. I.C. § 12-121.

3

Under I.C. § 12-123(b), frivolous is defined as conduct that "obviously serves merely to harass or maliciously injure another party" or "not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." "When deciding whether the case was brought or defended frivolously, unreasonably, or without foundation, the entire course of the litigation must be taken into account." *Idaho Military Historical Soc'y v. Maslen*, 156 Idaho 624, 631, 329 P.3d 1072, 1079 (2014) (stating, in part, assertion that party set forth at least one argument that has merit is no longer a basis to evade an award of fees and costs). The district court has discretion to grant attorney fees after finding an action is frivolous. *Id.*

The district court correctly perceived it had discretion to determine whether, and in what amount, it could award attorney fees; an issue conceded by Puckett. The district court also acted within the outer bounds of its authority because it concluded it did not have subject matter jurisdiction. The district court cannot act on a case for which there is no live or actual controversy. The district court found the case not ripe for consideration as annexation had not yet been approved by the City--a fact acknowledged by Puckett during the hearing--and therefore an actual controversy did not exist. Despite that knowledge, instead of conceding the issue of ripeness (and the fact that no judicial remedy was available), the district court found that "Puckett unreasonably, and without any factual or legal basis, increased the cost of litigation by pursuing this action and arguing at length that the annexation--that has not occurred--is illegal." Therefore, the district court acted within its boundaries to award attorney fees based on Puckett's frivolous, unreasonable pursuit of the claim.

The district court also exercised reason in reaching its conclusion for the award of attorney fees. The district court determined Evans was the prevailing party and having met the conditions enumerated under I.C. § 12-121, the award of attorney fees could be granted; Puckett does not challenge the district court's finding that Evans was the prevailing party. The court then reasoned that Puckett was required to conform to the same standards and rules as litigants represented by counsel. Puckett pursued a claim for which there was no justiciable controversy and, as a result, was subject to bearing the cost of an award of attorney fees to the prevailing party. After a thorough analysis of the submitted fee request, the district court exercised discretion in determining the amount of attorney fees, reducing the amount requested, and awarding Evans $7,755.00.

4

Puckett objects to the characterization of his case being frivolous, repeatedly insisting that it was pursued with a "very serious and very purposeful objective." While Puckett's intentions in filing and pursuing his claim may have been subjectively serious, his intentions are not relevant. *See e.g., Garner v. Povey*, 151 Idaho 462, 467, 259 P.3d 608, 613 (2011) (holding that for purposes of I.C. § 12-121, the only relevant inquiry is the legal or factual basis for bringing the action). Although Puckett may have initially believed the annexation was already completed, he also later acknowledged that he knew the annexation was not complete. Further, the district court found that even once Puckett became aware of concerns regarding ripeness, he continued to pursue the case and argue the illegality of the annexation while opposing attorney fees and failing to address the issue of ripeness. Thus, the district court did not abuse its discretion in awarding attorney fees to Evans as the prevailing party because litigation was pursued frivolously.

**B.     The District Court Did Not Award Double Recovery to the Prevailing Party**

Puckett asserts the district court abused its discretion by awarding attorney fees because it resulted in double payment to Evans' attorneys for the same legal work when a third party already paid for the services on Evans' behalf. Evans contends the award is supported by I.C. § 12-121 which permits the award of attorney fees to the prevailing party and as the prevailing party, Evans was entitled to it.

Idaho Code § 12-121 entitles an award of "reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." A plain reading of I.C. § 12-121 indicates it is the party to the suit, not their counsel or nonparties, that are eligible for the award of attorney fees. Further, the Idaho Supreme Court held the identical language in I.C. § 12-120(3) was clear that it entitles the "prevailing party" to the award and not the "prevailing party's lawyer." *Inclusion, Inc. v. Idaho Dep't of Health & Welfare*, 161 Idaho 239, 241, 385 P.3d 1, 3 (2016). The Court has "held that a prevailing party may recover a reasonable attorney fee award even if that party never actually incurred any attorney fees." *Id.*

"Reasonable" attorney fees do not necessarily equate to "actual" attorney fees. *Id.* In *Inclusion*, the district court awarded fees based on the actual fees billed by the Attorney General, despite the billed amount being below market rates. *Id.* The district court considered the prevailing party's request for fees and acknowledged, "the hourly rate requested is reasonable and certainly well within the rate in the marketplace in the Fourth District in Ada County, in particular," but

5

then awarded an amount based on actual fees. *Id.* at 240, 385 P.3d at 2. The Court found the district court abused its discretion by misinterpreting I.C. § 12-120(3) and further, by overlooking well established Idaho jurisprudence, conclusively finding that "a prevailing party may recover a reasonable attorney fee award even if that party never actually incurred any attorney fees." *Inclusion*, 161 Idaho at 241, 385 P.3d at 3 (quoting *Kidwell v. U.S. Mktg., Inc.*, 102 Idaho 451, 459, 631 P.2d 622, 630 (1981)).

Puckett asserts that because a third party, who was not a party to the suit, paid the legal fees, an award to Evans results in a double recovery for the law firm and, therefore, the district court abused its discretionary ability to award fees. Puckett conflates counsel with actual parties to the lawsuit. Evans is the prevailing party in this case. Evans' status as the prevailing party is not dependent upon who paid its attorney fees. As the Court explained in *Inclusion*, the award of fees to a party is not the property of their counsel. *Inclusion*, 161 Idaho at 241, 385 P.3d at 3.

Idaho Code § 12-121 would not permit recovery of fees by defense counsel, and the court did not award it. The district court correctly awarded the fees to Evans and, thus, did not abuse its discretion.

C. **Evans' Request for Attorney Fees on Appeal Should Be Granted Because the Appeal Was Frivolously Sought**

Evans requests an award of attorney fees and costs on appeal under Idaho Appellate Rule 40, I.A.R. 41, I.C. § 12-121, and I.R.C.P. 54(e)(2) on the basis that Puckett's appeal advanced redundant, conclusory allegations unsupported by sufficient argument and authority and asked the Court to second guess the district court's findings.

"Under I.C. § 12-121, a party is entitled to attorney's fees if the appeal merely invites the appellate court to second guess the trial court on the weight of evidence." *Crowley v. Critchfield*, 145 Idaho 509, 514, 181 P.3d 435, 440 (2007). Further, an appeal is found frivolous if it advances "a number of redundant, conclusory allegations on appeal that are not supported by sufficient argument or authority." *Owen v. Smith*, 168 Idaho 633, 647-48, 485 P.3d 129, 143-44 (2021).

On appeal, Puckett continued to argue that his subjective intent in filing the complaint rendered the case nonfrivolous but he cites no authority for this proposition. Puckett failed to advance arguments supported by authority that would support reversal or a finding of a valid factual or legal basis for appeal. There are no fairly debatable issues nor genuine issues of law or fact. Additionally, Puckett argued the award of attorney fees compensated a nonparty, which was

unsupported by fact or authority. As a result, we award Evans costs and attorney fees under I.A.R. 40, I.A.R. 41, and I.C. § 12-121.

**IV.**

**CONCLUSION**

The district court did not abuse its discretion in awarding attorney fees to Evans. Therefore, the amended judgment and order of attorney fees of the district court are affirmed. We award attorney fees under I.A.R. 41 and I.C. § 12-121 to Evans. Further, we award costs to Evans under I.A.R. 40.

Judge GRATTON and Judge Pro Tem MELANSON **CONCUR**.